UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

Jane Doe,

        *Plaintiff*,                                     No. 1:24-cv-08054-MKV

        v.

SEAN COMBS, DADDY'S HOUSE
RECORDINGS INC., CE OPCO, LLC d/b/a
COMBS GLOBAL f/k/a COMBS ENTERPRISES
LLC, BAD BOY ENTERTAINMENT
HOLDINGS, INC., BAD BOY PRODUCTIONS
HOLDINGS, INC., BAD BOY BOOKS
HOLDINGS, INC., BAD BOY RECORDS LLC,
BAD BOY ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS LLC, MARRIOTT
INTERNATIONAL, INC., and
ORGANIZATIONAL DOES 1-10.

        *Defendants*.

---------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION

# FOR RECONSIDERATION AND FOR LEAVE

# TO FILE DECLARATION UNDER SEAL

Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel The Buzbee Law Firm, hereby files this Motion for Leave to File Declaration Under Seal and for Reconsideration (the "Motion") pursuant to S.D.N.Y. Local Rule 6.3 and Electronic Case Filing Rules and Instructions Rule 6.1.

## SUMMARY OF MOTION

Pursuant to Local Rule 6.3, Plaintiff seeks the Court's reconsideration of the Court's October 30, 2024 Order denying Plaintiff's Motion to Proceed Anonymously, based on additional direct evidence that the Order indicates could have changed the Court's determination. As that additional evidence is in a declaration executed under penalty of perjury (in accordance with Local Rule 1.9), prior to submitting the declaration Plaintiff seeks leave of Court to file that declaration, and to file it under seal, pursuant to Local Rule 6.3 and ECF Rule 6.1.

## ARGUMENT

This Court's October 30, 2024 Order denying Plaintiff's Motion to Proceed Anonymously weighed the factors identified in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-190 (2d Cir. 2008), and determined that Plaintiff's interest in anonymity was not outweighed by other relevant factors identified in *Sealed Plaintiff*. *See* Opinion and Order Denying Motion to Proceed Under a Pseudonym, filed October 30, 2024, Docket No. 17 ("Order").

The Court found that the first *Sealed Plaintiff* factor – that the litigation involves matters that are "highly sensitive and of a personal nature" – weighed in favor of Plaintiff's anonymity. Order at 4. However, the Court found that the second and third *Sealed Plaintiff* factors, regarding potential harm to Plaintiff if her identity were revealed, were not adequately supported by direct evidence, including from Plaintiff. *See* Order at 5-7. The Order notes in particular that the motion was not supported by a sworn affidavit from Plaintiff regarding mental harm she may suffer. Order

2

at 7. Further, the Order noted that the second *Sealed Plaintiff* factor involves a particular concern for harm to innocent non-parties, and that Plaintiff does not contend that disclosure of her identity poses a risk of harm to any innocent non-parties. Order at 8.

Plaintiff is mindful of the fact that a motion for reconsideration "is not 'a vehicle for litigants to make repetitive arguments that the court has already considered.'" *Gupta v. Attorney Gen.*, 52 F. Supp. 3d 677, 679 (S.D.N.Y. 2014) (quoting *United States v. Treacy*, No. 08 Cr. 0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009)). Plaintiff makes no further arguments regarding the applicable case law here. Plaintiff's Motion is based on additional facts not previously known to counsel but that appear, from the Order, to be potentially relevant to the Court's decision. It is information, in other words, "that might reasonably be expected to alter the conclusion reached by the court" *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff's declaration, for which she seeks leave to file here, provides additional evidence regarding the threats made to her harm that she as well as other innocent non-parties face if her identity is disclosed. The declaration includes facts not contained in Plaintiff's Complaint, and which she has never previously disclosed to anyone, including her counsel, out of fear for her safety and the safety of her family.

These facts are relevant to the second and third *Sealed Plaintiff* factors, which the Order found had not been satisfied in Plaintiff's favor. Specifically, the declaration provides more detail regarding the threats of harm that Mr. Combs made to Plaintiff, including a threat that he would kill her and her family if she reported the assault to the police. Declaration of Jane Doe (unfiled), at ¶ 5. Plaintiff has never told any of her family members about the assault in large part because of that threat. *Id.* ¶ 6. The threat also stopped Plaintiff from disclosing the assault to any authority

3

figures. *Id*. Plaintiff lives in fear for her safety and her family's safety if her identity is revealed. *Id*.

The basis for Plaintiff's fear is well-founded. As Plaintiff's Complaint alleges, she attended the party at which she was raped with a friend. Complaint ¶¶ 35-38. Plaintiff's declaration attests to the fact that *three years after* she was raped, her friend was contacted through Facebook by someone who appeared to work for defendant Combs. Declaration of Jane Doe (unfiled), at ¶ 7. The Combs associate believed that Plaintiff's friend had been talking to the police, and they threatened her life unless she agreed to "stop talking." *Id.* In other words, three years after the assault, Combs and his associates still knew Plaintiff's friend's identity and appeared to be following her actions in order to ensure her continued silence. This understandably shook Plaintiff and convinced her to maintain her own silence. *Id.* ¶ 7. Plaintiff submits that, at minimum, these facts are a justifiable reason to maintain her anonymity until such time as it can no longer reasonably be maintained. It does not necessarily matter that Combs himself is incarcerated – it is highly unlikely that Combs himself was the person threatening Plaintiff's friend through Facebook, after all. Caution is warranted here.

Plaintiff lives in a world in which she is on high alert to threats. *Id.* ¶ 9. For instance, Plaintiff recently saw an interview with a famous rap star regarding defendant Combs' civil and criminal lawsuits. *Id.* ¶ 8. That star, as attested to in Plaintiff's declaration, was at the party at which Plaintiff was raped. *Id.* In the interview the star downplayed the allegations against Combs, stating that the victims were "likely lying" and that "everyone needed to shut up" and "wait for the facts to come out." *Id.* Plaintiff heard the star's words, especially to "shut up," as a threat, and she is very aware that there is a network of powerful people aligned against victims like her. *Id.* ¶¶ 8-9.

4

Plaintiff understands that ultimately these additional facts may not alter the Court's decision. However, in light of the analysis contained within the Order, Plaintiff respectfully requests that the additional facts are reviewed and considered by the Court.

Plaintiff's Motion for Reconsideration is based on the additional direct evidence contained in her declaration. However, Local Rule 6.3 states that "no party may file any affidavits unless directed by the court." Accordingly, Plaintiff requests leave from the Court to file her declaration in support of this Motion. If leave is granted, Plaintiff will file her declaration as soon as practicable so that it may be considered.

Finally, Plaintiff's declaration discloses her name and numerous sensitive facts. For these reasons, Plaintiff seeks leave to file the declaration under seal pursuant to ECF Rule 6.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Reconsideration and for Leave to File Declaration Under Seal, and all other relief this Court deems just and appropriate.

Dated: November 4, 2024

    Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
Texas Bar No. 24053318
cleavitt@txattorneys.com
Ryan S. Pigg
Texas Bar No. 24088227
rpigg@txattorneys.com

David C. Fortney
Texas Bar No. 24068740
dfortney@txattorneys.com
Colby Holler
Texas Bar No. 24126898
choller@txattorneys.com
Crystal Del Toro
Texas Bar No. 24090070
cdeltoro@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys for Plaintiff Jane Doe*

-   AND  -

**AVA LAW GROUP**

Andrew Van Arsdale
CA Bar No. 323370
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

-   AND  -

**CURIS LAW, PLLC**

Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610