UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE, *proceeding under a pseudonym*,

                                Plaintiff,

            -against-

SEAN COMBS, DADDY'S HOUSE
RECORDING INC., CE OPCO, LLC, BAD
BOY ENTERTAINMENT HOLDINGS,
INC., BAD BOY PRODUCTIONS
HOLDINGS, INC., BAD BOY BOOKS
HOLDINGS, INC., BAD BOY RECORDS
LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC,
MARRIOTT INTERNATIONAL, INC.,
ORGANIZATIONAL DOES 1-10,

                           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2024

24-cv-8054 (MKV)

ORDER DENYING MOTION
FOR RECONSIDERATION

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff "Jane Doe" filed this action under a pseudonym, without leave of the Court, in violation of the Federal Rules of Civil Procedure and the S.D.N.Y. Electronic Case Filing Rules & Instructions [ECF No. 1 ("Cmpl.")]. Simultaneously with her Complaint, Plaintiff filed a motion to proceed under a pseudonym supported only by a memorandum of law and the declaration of Plaintiff's counsel [ECF Nos. 13, 14, 15]. The Court denied Plaintiff's motion and directed her to file a complaint in her own name [ECF No. 17 ("Opinion & Order") at 14].

As the Court explained in its Opinion & Order denying Plaintiff's motion to proceed under a pseudonym, anonymity is an "exceptional remedy." Opinion & Order at 7 (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 527 (S.D.N.Y. 2021)); *see United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). Plaintiff had the burden to demonstrate that her "substantial privacy" interest "outweighs the customary and constitutionally-embedded presumption of openness in judicial

proceedings." *Id.* at 3 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008)).  She failed to make any showing sufficient to carry that burden.

Plaintiff alleges that, approximately twenty years ago, Defendant Sean Combs raped her and threatened her life if she fled the scene of the alleged rape.  *See* Cmpl. ¶¶ 37–39.  As Plaintiff points out in her own Complaint, a number of other alleged victims of Combs have filed lawsuits in their own names.  *See id.* ¶¶ 8, 11, 12, 14; Op. at 7.  Plaintiff is an adult and was not a minor at the time of the alleged rape.  *See* Cmpl. ¶ 34; Op. at 8.  She does not contend that she is "particularly vulnerable" as compared with other adult survivors of sexual assault who ordinarily must proceed in their own names.  *Sealed Plaintiff*, 537 F.3d at 190; *see* Op. at 8.

Significantly, Plaintiff's motion to proceed anonymously was not supported by an affidavit from Plaintiff, a medical expert, or any other competent witness with actual knowledge bearing on the motion.  Although Plaintiff's counsel asserted in his motion papers that Plaintiff would risk physical and mental harm if she were to proceed in her own name, he offered no evidence to support his assertions.  *See* Op. at 5–7.  The Court also concluded that there was a significant risk of prejudice to Defendants, who are entitled to know the identity of their accuser in order to defend against twenty-year-old allegations.  Thus, having weighed the balance of interests at stake, for all of the reasons set forth in detail in the Court's Opinion & Order, the Court denied Plaintiff's motion to proceed under a pseudonym.  *See id.* at 8–13.

Plaintiff now requests the extraordinary remedy of reconsideration of the Court's decision [ECF Nos. 20, 21 ("Pl. Mem.")].  "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked" and "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In particular, a "motion for reconsideration should be granted only when the [movant] identifies [1] 'an intervening change of controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "When arguing for reconsideration based on new evidence, the moving party 'must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence'" before the court issued the earlier, adverse decision. *Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of N.J.*, 894 F. Supp. 2d 288, 339 (S.D.N.Y. 2012) (quoting *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004)); *see Banister v. Davis*, 590 U.S. 504, 508 (2020) ("courts will not address new arguments or evidence that the moving party could have raised before the decision issued"); *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).

Here, Plaintiff's counsel seeks reconsideration based solely on "additional evidence" that he proposes to submit but has not put before the Court. Pl. Mem. at 2. Specifically, counsel seeks leave to file, under seal, only Plaintiff's own "declaration executed under penalty of perjury." *Id.* In her Complaint, Plaintiff alleges that Combs sexually assaulted her friend just before he raped Plaintiff. *See* Cmpl. ¶ 37. Plaintiff's counsel represents that, in her declaration, Plaintiff will attest that "*three years after* she was raped, her friend was contacted through Facebook by someone who appeared to work for defendant Combs" and was "threatened . . . to ensure her continued silence." *Id.* at 4. Plaintiff will further attest that she "recently saw an interview with a famous rap star," who attended the party at which Plaintiff was allegedly raped, in which interview the "star" stated

3

that Combs' accusers "were 'likely lying' and that 'everyone needed to shut up' and 'wait for the facts to come out.'" *Id.*

Plaintiff's counsel makes no effort to demonstrate that his motion meets the standard for reconsideration. He does not contend that Plaintiff's declaration contains "new evidence" that "was neither in [Plaintiff's] possession nor available upon the exercise of reasonable diligence" when he filed Plaintiff's original motion to proceed under a pseudonym. *Rockland Exposition, Inc.*, 894 F. Supp. 2d at 339. Plaintiff's proposed declaration, which still is not before the Court, "can hardly be considered 'new evidence,'" since it is not plausible that counsel, exercising reasonable diligence, could not have submitted a declaration from his own client "at the time of the earlier briefing." *Cho*, 991 F.3d at 170.

In order for evidence to be "new evidence" for purposes of reconsideration, "it must be 'evidence that was truly newly discovered'" despite prior diligence. *Pettiford v. City of Yonkers*, 2020 WL 1989419, at *2 (S.D.N.Y. Apr. 27, 2020) (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d. 491, 493 (2d Cir. 1983)). Plaintiff's counsel asserts in his brief that Plaintiff had not previously disclosed the information in her proposed declaration to him "out of fear for her safety and the safety of her family." Pl. Mem. at 3. However, counsel does not explain what changed. It is well-established that Plaintiff may not seek reconsideration based on evidence she elects to put forward for the first time "in response to the court's [adverse] ruling[.]" *Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 579 (S.D.N.Y. 2015) (quoting *Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). Indeed, Plaintiff's counsel describes Plaintiff's proposed declaration as "additional evidence," Pl. Mem. at 2, perhaps because he cannot in good faith represent that it is *new* evidence. However, on a motion for reconsideration, a district court will not consider mere "additional evidence," *id.*, which "the

moving party could have raised before [the court's earlier] decision issued," *Banister*, 590 U.S. at 508; *see Cho*, 991 F.3d at 170.

Furthermore, Plaintiff's counsel concedes that Plaintiff's proposed declaration "may not alter the Court's decision." Pl. Mem. at 5. In particular, neither of the alleged threats described in Plaintiff's proposed declaration constitutes a present threat of physical harm directed at Plaintiff, her family, or other innocent third parties. Rather, Plaintiff describes only (1) an alleged threat made to her friend approximately seventeen years ago and (2) an interview in which "a famous rap star," with whom Plaintiff does not purport to have a personal relationship, urged "everyone" to "shut up" until "the facts to come out." Pl. Mem. at 4. These alleged incidents cannot "reasonably be expected to alter the conclusion" in the Court's Opinion & Order that Plaintiff has failed to demonstrate a present threat of physical harm to herself or innocent third parties. *Shrader*, 70 F.3d at 257; *see* Op. at 5.

Plaintiff does not contend that there has been a "change of controlling law," and, indeed, there has been no change since the Court issued its Opinion & Order less than two weeks ago. *See Banister*, 590 U.S. at 508 n.2. Nor does Plaintiff cite "the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc*, 729 F.3d at 104. As such, Plaintiff has not met the "strict" test for reconsideration. *Shrader*, 70 F.3d at 257. The motion is therefore DENIED.

The Clerk of Court respectfully is requested to terminate the motion at docket entry 20. Plaintiff must file a complaint in her own name as previously ordered, by November 13, 2024, or this case will be dismissed.

**SO ORDERED.**

**Date: November 12, 2024**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**