

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
www.dlapiper.com

Neal Kronley
neal.kronley@us.dlapiper.com
T   212.335.4584
F   917.778.8584

January 21, 2025

*VIA E-MAIL*

The Hon. Mary Kay Vyskocil
United States District Court Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007
VyskocilNYSDChambers@nysd.uscourts.gov

Re:     ***McCrary v. Sean Combs, Marriott International, Inc., et al.*;**
       **Civil Action No. 24-cv-8054, U.S. Dist. Court for the Southern District of New York**

Dear Judge Vyskocil:

On behalf of Marriott International, Inc. ("Marriott"), we write pursuant to Section 4.A of the Court's Individual Practices to respectfully request a pre-motion conference in anticipation of Marriott's motion to dismiss Plaintiff Candice McCrary's Complaint in the above referenced action. Defendant sought Plaintiff's consent for the contemplated motion to dismiss and did not receive a response. While Marriott takes allegations of gender-motivated violence seriously and has the utmost sympathy for the abuse Plaintiff describes in her Complaint, Marriott is not a proper target for Plaintiff's claim. Based on established law, the claim made against Marriott fails for two reasons: First, the allegations against Marriott fail to satisfy the notice pleading standard set forth in Federal Rule of Civil Procedure 8(a) because they are too vague. Second, Plaintiff's only cause of action against Marriott is based on the 2022 amendment to the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"). But as a court in this district recently held, and as explained below, corporate defendants cannot be held liable under that statute for conduct that preceded 2022. *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 U.S. Dist. LEXIS 220347, at *5 (S.D.N.Y. Dec. 5, 2024). Here, because the alleged conduct occurred in 2004, Plaintiff's claim against corporate defendant Marriott should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### A. The Complaint fails to provide notice to Marriott as required by Federal Rule of Civil Procedure 8(a).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires factual allegations that are sufficient to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274, 284 (S.D.N.Y. 2024) (quoting *Anderson News, L.L.C. v. Am. Media, Inc.*,



January 21, 2025
Page Two

680 F.3d 162, 182 (2d Cir. 2012)). The purpose of this rule is to "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Id.* A complaint should be dismissed when it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.*

Plaintiff's Complaint fails to satisfy Rule 8(a) because it does not give Marriott fair notice of the claim against it. Plaintiff alleges that she was assaulted while attending a party in a suite at a "Manhattan area Marriott hotel" in 2004. *See* ECF No.23 ¶ 35. Plaintiff vaguely asserts that Marriott was "aware of Combs and his activities," *id.* ¶ 26, but does not allege any facts that would enable Marriott to answer or prepare for trial. Indeed, the Complaint does not even identify which of the more than 100 "Manhattan area" Marriott brand hotels Plaintiff is referencing. These sparse factual allegations do not meet Rule 8(a)'s fair notice requirement and, as a result, the Complaint should be dismissed. Moreover, amendment would be futile because Plaintiff cannot state a claim against Marriott as a matter of law for the reasons set forth below.

**B. The Complaint fails to state a claim against Marriott.**

The Complaint should also be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Complaint brings a single cause of action against Marriott under the VGMVPL. As originally enacted in 2000, the VGMVPL provided that **"**any person claiming to be injured by an ***individual*** who ***commits*** a crime of violence motivated by gender . . . has a cause of action against such ***individual*** in any court of competent jurisdiction . . . ." N.Y.C. Admin. Code § 10-1104 (2000) (emphasis added). In 2022, the VGMVPL was amended to provide that "any person claiming to be injured by a ***party*** who ***commits, directs, enables, participates in, or conspires in the commission of*** a crime of violence motivated by gender has a cause of action against such ***party*** in any court of competent jurisdiction . . . ." N.Y.C. Admin. Code § 10-1104 (emphasis added).

In a similar case involving claims against Sean Combs and corporate defendants, a court in this district recently held that a corporate defendant "cannot be held liable for conduct that preceded the 2022 amendment to the VGMVPL." *Combs*, 2024 U.S. Dist. LEXIS 220347, at *5. As the court explained, the 2022 amendment "created a substantive change by expanding the scope of liability" in two ways – by imposing liability on a "party" (instead of an "individual"), and by imposing liability on one who "directs, enables, participates in, or conspires in" an action (instead of one who "commits" an action). *See id.* at *6, *7 (finding that the meaning of "individual" included "a single person, as opposed to a group or institution" and that "the Corporate Defendants, as corporations, would not be liable under the terms of the 2000 VGMVPL").



January 21, 2025
Page Three

The *Doe v. Combs* court correctly held that holding a corporate defendant liable under the VGMVPL for conduct that occurred before 2022 would amount to impermissible retroactive application of the law. *See id.* at \*8-9. Legislation, like the 2022 amendment to the VGMVPL, that "'would impair rights a party possessed when [they] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed,' would have retrospective effect if a court were to apply new law existing at the time of the decision . . . ." *Id.* at \*7 (citing *Matter of Mia S.*, 212 A.D.3d 17, 179 N.Y.S.3d 732, 735 (2d Dep't 2022)). New York courts disfavor retroactive application and require that the language expressly requires retroactive application: "'[a]mendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated,' and [] 'remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose.'" *E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*, 118 F.4th 488, 495 (2d Cir. 2024).

As the court recognized in *Doe v. Combs*, the 2022 amendment to the VGMVPL does "not mention or otherwise discuss retroactivity," and there is "nothing in the text or legislative history that overcomes the presumption against retroactivity." *See Combs,* 2024 U.S. Dist. LEXIS 220347, at \*8, \*11. *See also id.* at \*10 ("Plaintiff did not point to, and the Court has not found, any pronouncements in the legislative history regarding retroactive effect. Nor has the Court seen any references as to whether the 2022 VGMVPL was designed to rewrite an unintended judicial interpretation."); *see also Bensky v. Indyke*, No. 24-cv-1204 (AS), 2024 U.S. Dist. LEXIS 138140, at \*29 (S.D.N.Y. Aug. 5, 2024) ("reviving a time-barred claim is not the same as making new substantive obligations retroactive. Put differently, the former revives claims that were complete, while the latter makes a claim complete").

The same reasoning applies in this case. Marriott is not an "individual" who is alleged to have "commit[ed]" a crime of violence; rather, Marriott is a corporate defendant that is alleged to have "enabled" a crime of violence in 2004. *See* ECF No.23 ¶ 47 (alleging that Marriott "***enabled*** Combs to commit the crime of violence motivated by gender") (emphasis added). As in *Doe v. Combs*, the allegations against Marriott cannot survive because the amended 2022 VGMVPL does not apply retroactively to pre-2022 conduct by a corporate defendant.



January 21, 2025
Page Four


       Based on the foregoing, there is no set of facts that would support a VGMVPL claim against Marriott for conduct alleged to have occurred in 2004. Accordingly, the Complaint should be dismissed with prejudice as to Marriott.

Sincerely,

*/s/ Neal Kronley*
Neal Kronley


cc:    Michael P. O'Day (via email)
       Ellen E. Dew (via email)