# THE BUZBEE LAW FIRM

*www.txattorneys.com*

January 24, 2025

**VIA ECF**
**Email and U.S. Mail**
VyskocilNYSDChambers@nysd.uscourts.gov

Honorable Mary Kay Vyskocil
United States District Court for the
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007-1312

*Re*: *McCrary v. Sean Combs, Marriott International, Inc., et al.*
     Civ. Action No. 24-cv-8054

Dear Judge Vyskocil:

We write on behalf of Plaintiff Candice McCrary ("Plaintiff"), in response to Defendant Marriott International, Inc.'s ("Marriott") letter motion dated January 21, 2025 (Dkt. No. 35), pursuant to which Marriott requests leave to file a motion pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) to dismiss Plaintiff's Complaint (Dkt. No. 23) (the "Complaint").

Marriott's stated grounds for its motion are that: (1) the Complaint fails to provide adequate notice to Marriott as required by Federal Rule of Civil Procedure 8(a); and (2) the Complaint fails to state a cause of action against Marriott under Federal Rule of Civil Procedure 12(b)(6) because the events giving rise to this action occurred in 2004, and corporate defendants cannot be liable under the Victims of Gender Motivated Violence Protection Law ("VGMVPL").

Marriott's first argument is that Plaintiff's allegations against Marriott are "too vague" to meet Rule 8's fair notice requirement. Specifically, Marriott argues Plaintiff "does not allege any facts that would enable Marriott to answer or prepare for trial." Plaintiff respectfully submits that Marriott's argument is without merit. "Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is not meant to impose a great burden upon a plaintiff." *See Iconix Brand Grp., Inc. v. Bongo Apparel, Inc.*, No. 06 Civ. 8195, 2008 WL 2695090, at *3 (S.D.N.Y. July 8, 2008). Moreover, it "does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 merely demands more than "naked assertion[s]" and "unadorned, the-defendant-unlawfully-harmed-me accusations." *Id*.

Here, the Complaint alleges in pertinent part as follows:

1

> Each of the Marriott entities conspired with and aided and abetted Combs in committing the unlawful sexual violence against Plaintiff described herein by serving or have served as vehicles for Combs to commit said sexual violence by and through use of Marriott's premise(s), hotel staff and employees and by profiting from such activities committed by Combs.

*See* Complaint (Dkt. No. 23), ¶ 29.

> The Marriott defendants further enabled Combs to commit the crime of violence motivated by gender by turning a willful blind eye to his obvious conduct, including sexual violence against others; facilitating a venue and premise, including but not limited to a hotel room, to Combs and his associates in order to permit him to commit such acts of sexual violence; and profiting from Combs' sexual violence through room rates, room service and other monetary benefits paid by and through Combs and his corporations. There can be no doubt that Combs and his conduct was well known; he routinely had large parties at hotel venues. Numerous people, most of which were not guests at the hotel, would come and go. Many would leave intoxicated and disoriented. Large volumes of alcohol and drugs were consumed. Marriot profited from this conduct, rather than intervene and stop it.

*Id.* at ¶ 47.

In light of the foregoing, it is respectfully submitted that Plaintiff has "plausibly pleaded on the face of her complaint that she suffered…harm from [Marriott's] action, and that is enough for now." *Tyler v. Hennepin County*, 598 U.S. 631 (2023), and that Marriott's motion should therefore be denied. However, in the event Marriott's motion is granted, Plaintiff respectfully requests leave to replead. *Accord In re Merrill Lynch & Co., Research Reports Sec. Litig.*, 2018 F.RD. 76, 79 (S.D.N.Y. 2003).

Marriot's second argument pursuant to Federal Rule 12(b)(6) is that the VGMVPL cannot apply retroactively against corporate defendants, and that Plaintiff's claims regarding sexual abuse occurring in 2004 should therefore be dismissed. In support of its argument, Marriott relies almost exclusively on *Doe v. Combs*, 23-cv-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024), wherein the Court held that 2022 amendment to the VGMVPL, which expanded the scope of liability to apply to any "party," cannot be applied retroactively against corporate defendants because the original VGMVPL applied only to any "individual."

However, neither the Second Circuit nor the New York Court of Appeals has endorsed this reading of the VGMVPL. *Doe* is, at best, merely persuasive authority. Further, there is authority in other high-profile cases finding (at least implicitly) that retroactivity does apply to corporate defendants. *See Ziff v. Lombardo,* 2024 NY LEXIS 25377 (Sup. Ct. NY Cnty. Nov. 26, 2024) (in

case involving VGMVPL claims against Harvey Weinstein and various corporate defendants, which arose from an alleged rape in 2001, the court denied the corporate defendants' motion to dismiss.)

As originally enacted, the VGMVPL provided victims of gender-motivated crimes of violence with a cause of action against only the individual who perpetrated the crime. (See NYC Municipal Code Title 10, Chapter 11, §10-1104, eff. Dec. 19, 2000.) Effective January 2022, the City Council amended §10-1104 to provide "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender has a cause of action against such party." (§10-1104, eff. Jan. 9, 2022.) In the same enactment, the City Council also amended §10-1105, entitled "Limitations," to provide: "any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitations has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." Taken together, the two amendments (1) expanded liability to non-perpetrator defendants where no liability had previously existed and (2) revived causes of action brought under the statute whose limitations period had already expired. Neither §10-1104 nor §10-1105 have express provisions that apply the VGMVPL to causes of actions accruing before its 2000 enactment.

Marriott's argument is contrary to the VGMVPL's primary intention: to make it easier, not harder, for victims of gender-motivated violence to seek civil remedies in court. New York City passed the VGMVPL "[i]n light of the void left by the Supreme Court's decision" in *United States v. Morrison*. N.Y.C. Admin. Code § 8-902. *Morrison* struck down the federal right of action for victims of gender-motivated violence under the Violence Against Women Act (VAWA) (42 U.S.C. § 13981), holding that Congress lacked the authority to enact it. 529 U.S. 598, 627 (2000).

"It is fundamental that in interpreting a statute, the court should attempt to effectuate the intent of the Legislature." *Cadiz-Jones v. Zambretti*, 2002 N.Y. Slip Op. 30135, 4, 2002 WL 34697795, at *1 (Sup. Ct. NY. Cnty. Apr. 9, 2002) (holding VGMVPL was intended to apply retroactively) (citing *Patrolmen's Benevolent Assn. v City of New York*, 41 N.Y.2d 205, 208 (1976)). The Council intended the VGMVPL to make it easier for victims of gender-motivated violence to seek court remedies. *Id.* It intended the same when it passed the 2022 amendment to the law. *See, e.g., City Council H'rg Testimony* (Nov. 29, 2021) at 41 (testimony in support of act's passage describing sexual abuse in 1993); Hr'g Tr. (Nov. 29, 2021) at 129–30 ("there is no timeline on processing trauma," 131 ("a victim doesn't have a set time for when they can come forward. . . . allow the window for justice to be pursued by all victims of gender-motivated violence." Based on "an analysis of statutory text and history" it is clear that "the legislative body intended [the VGMVPL] to apply retroactively." *Cadiz-Jones*, 2002 WL 34697795, at *1.1.

Beyond the plain intent of the VGMVPL as a broad and retroactive statute, there is also the fact that Marriott itself is not the primary subject of a VGMVPL claim here. Plaintiff has alleged that Marriott, Combs and the Combs Defendants conspired to permit Combs to accomplish the sexual assault at issue here – in other words, to violate the VGMVPL. "A plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme." *Litras v. Litras,* 254 A.D.2d 395, 396, 681 N.Y.S.2d 545 [citation omitted]; *see also Alexander &*

3

*Alexander of N.Y. v. Fritzen,* 68 N.Y.2d 968, 969, 510 N.Y.S.2d 546.

Marriott, as a co-conspirator, cannot escape potential liability *even if* it is correct that it cannot be held primarily liable for a violation of the VGMVPL.  A co-conspirator can conspire to commit a tort that the co-conspirator *itself* could not commit.  New York law permits allegations of conspiracy when they "serve to enable a plaintiff to connect a defendant with the acts of his co-conspirators where without it he could not be implicated" *Cuker Ind. v. Crow Constr. Co.,* 6 A.D.2d 415, 417 (N.Y. App. Div. 1958) *i.e.*, when they "connect a defendant to an otherwise actionable tort." *Buccieri v. Franzreb,* 201 A.D.2d 356, 358.  Defendant Combs was himself subject to, and violated, the VGMVPL.  Plaintiff has alleged that Marriott conspired, aided and abetted Combs in committing that violation.  It therefore does not matter at all that Marriott itself might not have been subject to the VGMVPL at the time of the events alleged in the Complaint.

In light of the foregoing, Plaintiff respectfully requests that the Court deny Defendant Marriott International Inc.'s request to file a motion to dismiss pursuant Rule 8 and Rule 12(b)(6) in its entirety.

                                                                Respectfully,

                                                     */s/ Anthony G. Buzbee*
                                                      Anthony G. Buzbee