**SHER TREMONTE LLP**

February 18, 2025

**BY ECF**
The Honorable Mary Kay Vyskocil
United States District Judge
500 Pearl Street
New York, NY 10007

                Re:    *McCrary v. Combs, et al.*, Case No. 24-cv-08054 (MKV)

Dear Judge Vyskocil:

      We write on behalf of defendants Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CEOpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants"), pursuant to Rule 4(A) of the Court's Individual Rules, to respectfully request a pre-motion conference with the Court to discuss the Combs Defendants' intention to move to dismiss the Complaint (ECF #23, the "Complaint" or "Compl.") in its entirety with prejudice, under F.R.C.P. 12(b)(6). This motion is not on consent.

      Mr. Combs denies the entirely false and salacious claims against him in the Complaint and is confident that he and the Company Defendants (against whom no misconduct or participation is even alleged) would be fully vindicated if this case were to proceed to trial. This case, however, should be dismissed at the pleading stage because Plaintiff's single claim, brought under New York City's Victims of Gender-Motivated Violence Protection Law ("GMVL"), is time barred and otherwise fails to state a claim upon which relief can be granted.

      First, Plaintiff's GMVL claim fails because it is time-barred. Plaintiff alleges Mr. Combs sexually assaulted her in 2004. Compl. ¶ 34. Thus, Plaintiff's claim expired more than a decade before she commenced this lawsuit (in October 2024) because the statute of limitations for a GMVL claim is seven years. *See* N.Y.C. Admin. Code § 10-1104. And the GMVL's revival window—which purports to extend into 2025 (*see id.*)—does not apply because it is preempted by overlapping New York state laws (the Adult Survivors' Act and the Child Victims' Act) governing the revival of sexual assault claims. *See Parker v. Alexander,* No. 24-CV-4813 (LAK), 2025 WL 268436, at *2-3 (S.D.N.Y. Jan. 22, 2025) (holding that the GMVL's revival window is preempted by the CVA and ASA); *Bellino v. Tallarico*, No. 24-cv-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024) (same). Because the controlling revival windows under New York State law had expired before this action was filed, a longer revival window under New York City's local laws cannot be applied to render the claim timely.

      Second, even if Plaintiff had pled a GMVL claim against Mr. Combs (she has not), the claim against the Company Defendants necessarily fails. The GMVL only

applied to natural persons, not entities, until it was amended in 2022. As courts in this district have unanimously held (including in a recent case against Mr. Combs), the GMVL cannot be retroactively applied to company conduct pre-dating 2022. *See Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024) (holding that GMVL cannot be applied retroactively to alleged company conduct pre-dating 2022); *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024) (indirect liability claim under GMVL cannot be applied retroactively to conduct pre-dating 2022). Plaintiff alleges she was assaulted in 2004, nearly twenty years before the GMVL was amended to apply to companies. Consequently, her claim against the Company Defendants necessarily fails.

Third, even if the GMVL could be applied to the Company Defendants (it cannot), there are no allegations of specific conduct by them that could render them liable under the GMVL. The Complaint fails to differentiate at all between the Company Defendants, nor does it allege any specific conduct by them. The FAC's vague and conclusory references to the Company Defendants do not suffice to show that they "direct[ed], enable[d], participate[d] in, or otherwise conspire[d] in the commission of a crime of violence motivated by gender" as required to state a GMVL claim against them. N.Y.C. Admin. Code § 10-1104.[1]

Fourth, the GMVL claim must fail as against defendants Bad Boy Entertainment LLC and Bad Boy Productions LLC for the additional reason that both entities did not exist in 2004, when the assault is alleged to have occurred. Because both entities were first formed ten years later, in 2014, the claim against them must fail. *See In re Tronox Inc.*, 549 B.R. 21, 47-48 (Bankr. S.D.N.Y 2016) ("no conceivable basis" for liability against company relating to "assault, battery, negligence, trespass, nuisance and other similar claims" when the conduct allegedly "occurred at least five years before [company] came into existence").

For all the foregoing reasons, the Combs Defendants respectfully request a pre-motion conference with the Court to discuss their intention to file a motion to dismiss the Complaint with prejudice.

Sincerely,

*/s/ Mark Cuccaro*
Mark Cuccaro
Michael Tremonte
Erica A. Wolff

---

[1] Relatedly, the Complaint does not comply with the mandate of Rule 8(a)(2) of the Federal Rules of Civil Procedure that a complaint "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quotation marks omitted). Plaintiff simply "lump[s] all the [Company Defendants] together" and "provid[es] no factual basis to distinguish their conduct." *See id.* Accordingly, dismissal for impermissible group pleading is warranted. *See, e.g.*, *Bardwil Indus. Inc. v. Kennedy*, No. 19 CIV. 8211 (NRB), 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020).

Hon. Mary Kay Vyskocil									February 18, 2025
Page 3 of 3

											Raphael A. Friedman

cc:	All Counsel of Record via ECF