**CURIS LAW, PLLC**
52 Duane Street, Floor 7 | New York, NY 10007
Tel: 646.335.7220 | Fax: 315.660.2610
www.curislaw.com

February 25, 2025

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Court for the
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007-1312

*Re*: *McCrary v. Sean Combs, et al.*
    *Civ. Action No. 24-cv-8054*

Dear Judge Vyskocil:

We write on behalf of Plaintiff Candice McCrary ("Plaintiff"), in response to defendants Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CEOpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants") letter motion dated February 18, 2025 (Dkt. No. 45), pursuant to which defendants request leave to file a motion pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint (Dkt. No. 23) (the "Complaint").

Defendants' stated grounds for their motion are that: (1) the Complaint fails to state a cause of action under Federal Rule of Civil Procedure 12(b)(6) because the events giving rise to this action occurred in 2004, and the Victims of Gender Motivated Violence Protection Law's ("VGMVPL") revival window is preempted by other New York state laws; (2) the corporate defendants cannot be liable under the VGMVPL for acts prior to 2022; (3) there are insufficient allegations against any of the corporate defendants, and (4) two corporate defendants did not exist at the time of the assault.

First, Plaintiff's claims here are *not* preempted by either the Adult Survivors' Act or the Child Victims Act. Only the two cases cited by Defendants, both decided by the same court, hold that the ASA and CVA preempt the lookback window of the VGMVPL: *Parker v. Alexander*, No. 24-CV-4813 (LAK), 2025 WL 268436, at *2-3 (S.D.N.Y. Jan. 22, 2025) and *Bellino v. Tallarico*, No. 24-cv-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024). *Bellino* was decided on an unopposed motion. *Parker* expressly notes that another judge of the S.D.N.Y. ruled that the

1

CVA did *not* preempt the VGMVPL. *See Parker*, 2025 WL 268436, at *9 (citing *Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024). And New York appellate case law immediately prior to the enactment of the lookback window expressly held that the VGMVPL was *not* preempted by other New York state statutes. *See, e.g., Engelman v. Rofe*, 194 A.D.3d 26, 28 (1st Dept. 2021). Defendants only show that a single court in this District has found preemption, against other federal and New York law holding to the contrary. The lookback window is not preempted. Further, this argument, which fails, is Defendants' only one applicable to a dismissal of defendant Combs.

Defendants' second argument pursuant to Federal Rule 12(b)(6) is that the VGMVPL cannot apply retroactively against corporate defendants, and that Plaintiff's claims regarding sexual abuse occurring in 2004 should therefore be dismissed. In support of their argument, the defendants rely almost exclusively on *Doe v. Combs*, 23-cv-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024), wherein the Court held that 2022 amendment to the VGMVPL, which expanded the scope of liability to apply to any "party," cannot be applied retroactively against corporate defendants because the original VGMVPL applied only to any "individual." However, neither the Second Circuit nor the New York Court of Appeals has endorsed this reading of the VGMVPL. *Doe* is, at best, merely persuasive authority.

As originally enacted, the VGMVPL provided victims of gender-motivated crimes of violence with a cause of action against only the individual who perpetrated the crime. (See NYC Municipal Code Title 10, Chapter 11, §10-1104, eff. Dec. 19, 2000.) Effective January 2022, the City Council amended §10-1104 to provide "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motived by gender has a cause of action against such party." (§10-1104, eff. Jan. 9, 2022.) In the same enactment, the City Council also amended §10-1105, entitled "Limitations," to provide: "any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitations has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." Taken together, the two amendments (1) expanded liability to non-perpetrator defendants where no liability had previously existed and (2) revived causes of action brought under the statute whose limitations period had already expired. Neither §10-1104 nor §10-1105 have express provisions that apply the VGMVPL to causes of actions accruing before its 2000 enactment.

Defendants' arguments are contrary to the VGMVPL's primary intention: to make it easier, not harder, for victims of gender-motivated violence to seek civil remedies in court. New York City passed the VGMVPL "[i]n light of the void left by the Supreme Court's decision" in *United States v. Morrison*. N.Y.C. Admin. Code § 8-902. *Morrison* struck down the federal right of action for victims of gender-motivated violence under the Violence Against Women Act (VAWA) (42 U.S.C. § 13981), holding that Congress lacked the authority to enact it. 529 U.S. 598, 627 (2000).

"It is fundamental that in interpreting a statute, the court should attempt to effectuate the intent of the Legislature." *Cadiz-Jones v. Zambretti*, 2002 N.Y. Slip Op. 30135, 4, 2002 WL 34697795, at *1 (Sup. Ct. NY. Cnty. Apr. 9, 2002) (holding VGMVPL was intended to apply retroactively) (citing *Patrolmen's Benevolent Assn. v City of New York*, 41 N.Y.2d 205, 208 (1976)). The Council intended the VGMVPL to make it easier for victims of gender-motivated

violence to seek court remedies. *Id.* It intended the same when it passed the 2022 amendment to the law. *See, e.g., City Council H'rg Testimony* (Nov. 29, 2021) at 41 (testimony in support of act's passage describing sexual abuse in 1993); Hr'g Tr. (Nov. 29, 2021) at 129–30 ("there is no timeline on processing trauma," 131 ("a victim doesn't have a set time for when they can come forward. . . . allow the window for justice to be pursued by all victims of gender-motivated violence." Based on "an analysis of statutory text and history" it is clear that "the legislative body intended [the VGMVPL] to apply retroactively." *Cadiz-Jones*, 2002 WL 34697795, at *1.1.

As for Defendants' third and fourth arguments, the Complaint alleges that Combs built a business empire and that that enterprise is "central to the pervasive acts of sexual assault and abuse committed by him during the last decades." Complaint ¶ 3. The Complaint details how various of Combs' businesses were used to enable Combs to commit the atrocities that he did. Complaint ¶¶ 3-8. Discovery has not yet begun in this action. It is impossible to know exactly which business entities of Combs' may have been involved in the events detailed in the Complaint. Plaintiff submits that, prior to being able to engage in that discovery, she has satisfied the notice pleading standard and that dismissal of any corporate defendant would be premature at this stage.

In light of the foregoing, Plaintiff respectfully requests that the Court deny Defendants' request to file a motion to dismiss pursuant Rule 12(b)(6) in its entirety.
\

Respectfully,

*Antigone Curis*
_____
Antigone Curis
Attorney for Plaintiff
52 Duane Street, 7th Floor
New York, New York 10007
(646) 335-7220

3