**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CANDICE MCCRARY,

                Plaintiff,

      -against-

SEAN COMBS, DADDY'S HOUSE
RECORDINGS, INC., CE OPCO, LLC d/b/a
COMBS GLOBAL f/k/a COMBS
ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC., BAD
BOY PRODUCTIONS HOLDINGS, INC., BAD
BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY
ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS LLC, MARRIOTT
INTERNATIONAL, INC.,
AND ORGANIZATIONAL DOES 1-10,

                Defendants.

Case No. 24-cv-8054

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR ADMISSION *PRO HAC VICE* FOR ANTHONY BUZBEE**

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Daddy's
House Recordings Inc., CE OpCo, LLC (t/a Combs
Global) f/k/a Combs Enterprises, LLC, Bad Boy
Entertainment Holdings, Inc., Bad Boy Productions
Holdings, Inc., Bad Boy Books Holdings, Inc., Bad
Boy Entertainment LLC, and Bad Boy Productions,
LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ iii

PRELIMINARY STATEMENT ..................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 1

      A.      Buzbee Brings Over Twenty Cases in This District While Not Admitted to Practice Before this Court. ........................................................................................ 1

      B.      Opposing Counsel Brings to Light Buzbee's Lack of Admission. ........................ 3

      C.      Buzbee is Denied Admission to the Southern District of New York. .................... 4

      D.      Buzbee Files the Instant Motion in Response to a Court Order. ........................... 5

LEGAL STANDARD ..................................................................................................... 7

ARGUMENT .................................................................................................................. 8

CONCLUSION ............................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,
AFL-CIO,*
911 F. Supp. 743 (S.D.N.Y.) ........................................................................... 9, 10

*Ascento Cap., LLC v. Filipiak,*
No. 24-cv-6392, 2024 WL 4536667 (S.D.N.Y. Sept. 30, 2024) ............................ 8, 15, 16

*Erbacci, Cerone, & Moriarty, Ltd. v. United States,*
923 F. Supp. 482 (S.D.N.Y. 1996) .............................................................. 8, 10

*Harty v. Spring Valley Marketplace LLC,*
No. 15-cv-08190, 2016 WL 8710480 (S.D.N.Y. Jan. 22, 2016) ........................................ 7

**Rules**

Local Civ. R. 1.3(j) ........................................................................... 7

Local Civ. R. 1.3(k) ...........................................................................11

Local Civ. R. 1.5(b) ........................................................................... 9, 12

Local Rule 1.3(c) ........................................................................... 7

New York Rule of Professional Responsibility 3.6(a) .................................................... 12, 14, 15

New York Rule of Professional Responsibility 3.6(b). ................................................... 13

New York Rule of Professional Responsibility 3.6(c) ................................................... 13

Rule 6.14 of the S.D.N.Y. Electronic Case Filing Rules & Instructions ......................................11

Rule 10(a) of the Federal Rules of Civil Procedure........................................................11

Defendants Sean Combs, Daddy's House Recordings, Inc., CE OpCO, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC ("Defendants") submit this memorandum of law in opposition to Plaintiff's Amended Motion for Admission *Pro Hac Vice* for Anthony Buzbee (ECF No. 51).

## PRELIMINARY STATEMENT

In our collective decades of practice, undersigned counsel have never opposed a *pro hac vice* application, and we do not do so lightly here. But Buzbee's egregious misconduct warrants denial of the privilege of appearing in this District. He has signed multiple filings across *twenty-two* cases without permission to practice in this Court; he failed in each instance to disclose that he had filed without being admitted; and he violated New York's Rules of Professional Conduct by, among other things, repeatedly insisting that Mr. Combs is guilty of the criminal charges pending against him in this District, even though Buzbee has no good faith basis to believe the Government will call any of his clients as a witness in that case. For these reasons, discussed in detail below, this Court should deny Buzbee's *pro hac vice* application.

## FACTUAL BACKGROUND

### A. Buzbee Brings Over Twenty Cases in This District While Not Admitted to Practice Before this Court.

As Plaintiff's lead counsel in this case, Buzbee has *for months* been signing and, upon information and belief, drafting, directing, and advising on pleadings and other filings in this action (and others) without obtaining permission to practice in the Southern District of New York and without disclosing that he lacks such permission. *See, e.g.,* Motion for Leave to Proceed Pseudonymously, ECF No. 15 at 2 (stating at the outset Plaintiff "by and through her undersigned counsel The Buzbee Law Firm hereby files this Memorandum . . ."); Complaint, ECF No. 1 (signed

1

by Buzbee); Buzbee Declaration in Support of Motion for Leave to Proceed Anonymously, ECF No. 14 (signed by Buzbee); Motion for Reconsideration, ECF No. 20 (signed by Buzbee). Buzbee has done the same thing in *twenty-one other cases* filed in this District, all brought on behalf of plaintiffs proceeding anonymously. While filing lawsuit after lawsuit without authorization, he has repeatedly promoted his cases with statements that violate the New York Rules of Professional Conduct. In countless social media posts, media appearances, and a press conference, Buzbee has inappropriately commented on pending litigation in a manner that violates his professional and ethical obligations by, among other things, opining on Mr. Combs' guilt on criminal charges that are scheduled to be tried in this District beginning on May 5, 2025. Worse, he has falsely accused Mr. Combs of sexually abusing dozens of children when Mr. Combs has never been charged with such crimes.

Since October 14, 2024, Buzbee has directed the filing of at least twenty-two actions in the Southern District of New York against Defendant Sean Combs and a slate of entities associated with him.[1] From October 14, 2024 to January 29, 2025, Buzbee directed the filing of and litigated cases in this District without having applied for regular or *pro hac vice* admission. From October

---

[1]    In addition to the instant case, Mr. Buzbee has directed the filing of the following actions: *Doe v. Combs et al.*, 24-cv-07769 (S.D.N.Y. Oct. 14, 2024); *Doe v. Combs et al.*, 24-cv-07771 (S.D.N.Y. Oct. 14, 2024); *Doe v. Combs et al.*, 24-cv-07772 (S.D.N.Y. Oct. 14, 2024); *Doe v. Combs et al.*, 24-cv-07774 (S.D.N.Y. Oct. 14, 2024); *Doe v. Combs et al.*, 24-cv-07776 (S.D.N.Y. Oct. 14, 2024); *Doe v. Combs et al.*, 24-cv-07777 (S.D.N.Y. Oct. 14, 2024); *Doe v. Combs et al.*, 24-cv-07778 (S.D.N.Y. Oct. 14, 2024); *Doe v. Combs et al.*, 24-mc-00478 (S.D.N.Y. Oct. 16, 2024); *Doe v. Combs et al.*, 24-cv-07973 (S.D.N.Y. Oct. 20, 2024); *Doe v. Combs et al.*, 24-cv-07974 (S.D.N.Y. Oct. 20, 2024); *Doe v. Combs et al.*, 24-cv-07975 (S.D.N.Y. Oct. 20, 2024); *Doe v. Combs et al.*, 24-cv-07976 (S.D.N.Y. Oct. 20, 2024); *Doe v. Combs et al.*, 24-cv-07977 (S.D.N.Y. Oct. 20, 2024); *Doe v. Combs et al.*, 24-cv-08024 (S.D.N.Y. Oct. 22, 2024); *Doe v. Combs et al.*, 24-cv-08808 (S.D.N.Y. Nov. 19, 2024); *Doe v. Combs et al.*, 24-cv-08810 (S.D.N.Y. Nov. 19, 2024); *Doe v. Combs et al.*, 24-cv-08811 (S.D.N.Y. Nov. 19, 2024); *Doe v. Combs et al.*, 24-cv-08812 (S.D.N.Y. Nov. 19, 2024); *Doe v. Combs et al.*, 24-cv-08813 (S.D.N.Y. Nov. 19, 2024); *Doe v. Combs et al.*, 24-cv-08852 (S.D.N.Y. Nov. 20, 2024); *Doe v. Combs et al.*, 24-cv-09852 (S.D.N.Y. Dec. 20, 2024).

to January, Buzbee never indicated in a single action in this District that he was not admitted here, that he had no application pending here, and that he had not sought admission *pro hac vice*.

**B. Opposing Counsel Brings to Light Buzbee's Lack of Admission.**

On December 13, 2024, counsel for Shawn Carter (also known as "Jay-Z"), another celebrity Buzbee sued without a good faith basis, filed a letter in a related action before the Hon. Analisa Torres, which disclosed that Buzbee had not been admitted to practice in the Southern District of New York despite having signed numerous pleadings and other filings in this District. *See Doe v. Combs et al.*, 24-cv-07975 (Dec. 13, 2024 S.D.N.Y.), ECF No. 46. In the subsequent motion for sanctions filed on January 8, 2025, Mr. Carter's counsel noted that Buzbee had still "not obtained admission *pro hac vice*" and further observed: "Indeed, although Buzbee advised the Court on December 20 that he was admitted to practice in the Eastern District of New York and 'intend[ed] to apply for reciprocal admission' to the Southern District (Dkt. No. 50 at 3), he has not even sought interim admission pro hac vice." *Doe v. Combs et al.*, (Jan. 8, 2025 S.D.N.Y.), ECF No. 61 at 12.

In response, Buzbee attested on January 22, 2025, that his "application for reciprocal admission in the Southern District of New York [was] forthcoming." *Doe v. Combs et al.*, 24-cv-07975 (Jan. 22, 2025 S.D.N.Y.), ECF No. 76 at 1. This representation was false. Even so, Buzbee took no action until, on January 28, 2025, after the Hon. Analisa Torres directed Buzbee to file proof of admission on the docket by February 14, Buzbee finally applied on the following day for admission.[2] *See* Order, *Doe v. Combs et al.*, 24-cv-07975 (Jan. 28, 2025 S.D.N.Y.), ECF No. 80 at 1. Even though, at that time, Buzbee had filed multiple actions in this District, he did not notify

---

[2]    Prior to the February 14, 2025 deadline set by the Court for Mr. Buzbee to file proof of admission, the Defendant's Motion for Sanctions against Mr. Buzbee was withdrawn and Mr. Buzbee filed notices of voluntary dismissal against the Defendants.

any of those courts that he had not yet been admitted to practice here.  Nor did he seek admission *pro hac vice.*

### C.  Buzbee is Denied Admission to the Southern District of New York.

On February 13, 2025, the Hon. Katherine Polk Failla, Chair of the Committee on Grievances for the Southern District of New York, issued an order denying Buzbee's request for admission.  Buzbee was denied admission because "[p]er the Committee's review of the dockets, Buzbee has appeared in cases in this Court without seeking admission."  *See* ECF No. 49-6 (the "Order Denying Admission").  The final sentence of the Order Denying Admission states: In the event Buzbee moves for *pro hac* vice or regular admission in this Court in the future, he must attach a copy of this Order [Denying Admission] to his motion or petition."  *Id.*

Buzbee took no steps to notify this Court, or any other court in this District where his actions were pending, that he had been denied admission to practice here.  Instead, in this action and others, Buzbee continued to appear on court filings without disclosing the adverse action the District's Grievance Committee had taken against him and without seeking admission *pro hac vice.  See* Notice of Voluntary Dismissal as to Defendant Bad Boy Records, LLC (Feb. 14, 2025), ECF No. 44; Notice of Voluntary Dismissal, *Doe v. Combs et al.*, 24-cv-08812 (S.D.N.Y. Feb. 18, 2025), ECF No. 31; Notice of Voluntary Dismissal, *Doe v. Combs et al.*, 24-cv-07975 (S.D.N.Y. Feb. 14, 2025), ECF No. 91;  Corrected Notice of Voluntary Dismissal, *Doe v. Combs et al.*, 24-cv-07975 (S.D.N.Y. Feb. 18, 2025), ECF No. 92; Notice of Voluntary Dismissal, *Doe v. Combs et al.*, 24-cv-07776, (S.D.N.Y. Feb. 14, 2025), ECF No. 4.

### D.  Buzbee Files the Instant Motion in Response to a Court Order.

Plaintiff filed the instant application for *pro hac vice* admission only after the Court required it.  Following receipt of a pre-motion letter response on "The Buzbee Law Firm" letterhead signed only by Buzbee (ECF 39), this Court issued the following order.

> The Court notes that Plaintiff's letter in opposition to the pre-motion letter filed by Marriott International, Inc. [ECF No. 39] is signed by Anthony Buzbee.  The Court has been informed that Buzbee is not admitted to practice in the Southern District of New York. He has not filed a motion to appear pro hac vice in this case.  As such, Buzbee is in violation of Local Civil Rule 1.3.  Accordingly, IT IS HEREBY ORDERED that Buzbee must file a motion to appear pro hac vice no later than February 21, 2025.

*See* Order (Feb. 18, 2025), ECF No. 47.  The Court further warned that "failure to comply with the Court's orders, the Federal Rules of Civil Procedure, the Local Rules, or this Court's Individual Rules of Practice may result in sanctions."  *Id.*

On the eve of the Court's deadline, Buzbee filed his first motion to appear *pro hac vice* in this case (ECF No. 49 "First PHV Motion"), which was also his first motion to appear *pro hac vice* in any case in this District since he began filing cases against the Defendants in October 2024.  Buzbee submitted an affidavit in support of his First PHV Motion in which he admitted, as required by the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), that he was recently denied admission to the Southern District of New York.  *See* ECF No. 49-2 (the "Affidavit").  In the Affidavit he stated that he had been denied admission "following the filing of a grievance against me by counsel for one of the defendants in an action in which I was counsel."  *Id.* ¶ 5.  Buzbee declared that he was unaware that a grievance had been filed against him at the time he applied for admission to the Southern District of New York and understands that the filing of a grievance is a "'disciplinary action' under the rules of the Southern District of New York."  *Id.* ¶¶ 5-6.  Buzbee implied that he was denied admission to the Southern District of New York for the same reason a grievance was filed against

him – "primar[il]y" because he "electronically signed numerous pleadings alongside [his] firm's local counsel" without being admitted here. *Id.* ¶ 7. Buzbee averred "[t]o the extent I violated the Southern District's rules . . . those violations were inadvertent . . . and [I] will make certain such never occurs again." *Id.* Buzbee also submitted a copy of the Order Denying Admission issued by the Committee on Grievances, as required in the text of that Order. *See* ECF No. 49-6. He did not submit a copy of the aforementioned grievance.

The First PHV Motion was also supported by a declaration from Ms. Curis, Buzbee's local counsel. *See* ECF No. 49-1 (the "Curis Declaration").[3] The Curis Declaration, which is undated, states that Ms. Curis was advised by Buzbee that he had never been "censured, suspended, disbarred or denied admission or readmission by any court." *Id.* ¶ 5.

The Court directed Plaintiff to refile the First PHV Motion for several filing deficiencies, including because the submission was missing a Certificate of Good Standing from the Supreme Court of Texas; missing a Proposed Order; and missing a wet signature from Buzbee. *See* Text Order, Feb. 21, 2025. Plaintiff filed an amended motion for Buzbee to appear *pro hac vice* ("Second PHV Motion") (ECF No. 51) on February 24, 2025 that is identical in all respects to the First PHV Motion but purports to resolve the deficiencies identified in the Court's February 21, 2025 Text Order.[4] Apart from the motion that Buzbee filed in this case after being directed to do so by the Court, Buzbee has not filed a motion to appear *pro hac vice* in any of the other cases pending in this District.

---

[3]    In the final paragraph of the Curis Declaration, Ms. Curis requests admission for Brian M. Andris. Defendants assume this is an error.

[4]    In the final paragraph of Ms. Curis's Declaration in support of the Second PHV Motion, ECF No. 51-1, Ms. Curis requests admission for Mr. Buzbee.

## LEGAL STANDARD

Local Rule 1.3(c), which governs *pro hac vice* admission, provides that a lawyer duly admitted and in good standing in another state or any United States District Court "may be permitted to argue or try a particular case in whole or in part as counsel or advocate, upon motion (which may be made by the applicant)." The rule sets forth the requirements an attorney seeking *pro hac vice* admission must follow, which include "requesting pro hac vice electronic filing privileges through the PACER website," "electronically fil[ing] a motion for admission pro hac vice on the court's ECF system and pay[ing] the required fee." Local Civ. R. 1.3(j). The attorney seeking admission must support her application with "a certificate of the court . . . issued within 30 days of filing" for each jurisdiction where she is admitted; an affidavit from the applicant stating whether she has ever been "convicted of a felony" and/or "censured, suspended, disbarred, or denied admission or readmission by any court," "whether there are any disciplinary proceedings presently against the applicant," and if so, "the facts and circumstances surrounding" such incidents. *Id.*

A lawyer's *pro hac vice* admission "is a privilege, not a right." *Harty v. Spring Valley Marketplace LLC*, No. 15-cv-08190, 2016 WL 8710480, at *1–2 (S.D.N.Y. Jan. 22, 2016). The decision to grant or deny *pro hac vice* admission "rests within the sound discretion of the presiding judge" and may be revoked as the judge sees fit. *Id.; see also Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 485 (S.D.N.Y. 1996) ("The decision to admit an attorney to practice *pro hac vice* rests with the discretion of the district court.").

Before granting *pro hac vice* admission, courts have required "reasonable assurance[s] that such attorney is familiar with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, th[e] Court's Individual Rules, and the customs and practices of

7

this Court." *Erbacci*, 923 F. Supp. at 486.  In addition to considering whether the attorney seeking *pro hac vice* admission demonstrates the requisite familiarity with local practice, a court may consider whether the applicant "instill[s] confidence that their representations may be relied upon." *Ascento Cap., LLC v. Filipiak*, No. 24-cv-6392, 2024 WL 4536667, at *2 (S.D.N.Y. Sept. 30, 2024) (denying PHV admission to applicant who failed to disclose an administrative suspension in another court in his application).  "Although *pro hac vice* admissions are routinely granted, the Court's decision to do so is not simply a *pro forma* exercise, and there are occasions where such applications have been denied."  *Id.*

## ARGUMENT

Buzbee's motion for admission *pro hac vice* should be denied because he has repeatedly shown that he is unwilling or unable to follow this District's Local Rules and because his application is deficient.  For nearly five months, Buzbee has filed case after case in this District against Defendants in the name of anonymous plaintiffs without seeking admission of any kind and without disclosing his lack of admission (until raised by a court or adversary).  He did not apply for admission to practice in this District until January 29, 2025, more than six weeks after his failure to do so was publicized in a letter filed by opposing counsel, five weeks after he represented to another Judge in this District that he intended to apply for admission (which he only did after opposing counsel disclosed Buzbee's lack of admission), and two weeks after he represented to another Judge in this district that his application was forthcoming.

Even after Buzbee was expressly put on notice by the Committee on Grievances that making repeated submissions to courts in a District where he is not authorized to practice violates

8

the Local Rules[5]—a concept so fundamental to the practice of law it requires no forewarning—
Buzbee took no corrective action. Instead, he continued making filings in this District without
noting his lack of admission until this Court required him to seek *pro hac vice* admission. If this
Court had not noticed that Buzbee was practicing without being admitted, there is every reason to
believe he would have continued to do so because that is precisely what Buzbee is doing in more
than twenty other cases pending in this District. Even after declaring in a February 20, 2025
affidavit submitted to this Court that his errors were inadvertent and he will "make certain such
[conduct] never occurs again," he has failed to seek admission *pro hac vice* in any of the other
pending cases.

At best, Buzbee's repeated violations of the Local Rules are, as he puts it, inadvertent and
demonstrate his unfamiliarity with practice in this District. At worst, the serial violations
demonstrate that the Court cannot rely on Buzbee to make reliable representations and conduct
himself professionally and ethically. Whichever explanation the Court credits, Buzbee's conduct
warrants denying him the privilege of appearing *pro hac vice* before this Court.

Courts in this district have used their discretion to deny even *unopposed* motions for *pro
hac vice* admission when plaintiff's counsel's repeated failure to comply with the Local Rules
demonstrated counsel's lack of familiarity with local practice, casting doubt on counsel's
competence to practice here. In *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen
& Helpers of Am., AFL-CIO*, plaintiff's counsel, who sought admission *pro hac vice*, failed to
comply with a local rule in effect at that time which required all pleadings, motions, and other
filings to include below the attorney's signature his/her address, telephone number, initials, and

---

[5]    Rule 1.5(b)(6) of the Local Rules provides that an "attorney not a member of the bar of this court" may be
subject to discipline if the attorney "has appeared at the bar of this court without permission to do so. " Local Civ. R.
1.5(b)(6).

last four digits of the attorney's social security number and failed to comply with an individual rule that required courtesy copies. 911 F. Supp. 743, 753 (S.D.N.Y.), *aff'd,* 96 F.3d 653 (2d Cir. 1996). The district court denied plaintiff's counsel's application first without prejudice, noting: "Before plaintiffs' attorneys may appear before this Court, this Court must have some reasonable assurance that these attorneys are familiar with the Local Rules and this Court's Individual Rules. Far from demonstrating such familiarity, however, plaintiffs' attorneys have submitted papers that violate these rules." *Id.* at 754. Upon the renewal of counsel's motion for *pro hac vice* admission, the Court subsequently denied the application again, the second time *with prejudice*, having found that counsel continued to fail to comply with local rules. *See Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 483 (S.D.N.Y. 1996) (denying *pro hac vice* application with prejudice where "[p]laintiffs' attorneys . . . demonstrated a serious lack of understanding regarding appropriate practice before this Court"). Specifically, the moving attorney filed a motion and signed it without being admitted and without having local counsel co-sign, which could potentially have run afoul of New York State's prohibition on the unauthorized practice of law. *Id.* at 485. In rejecting counsel's application with prejudice, the Court emphasized that "the actions that plaintiffs' counsel has taken in the instant litigation to date" do not give the Court a "reasonable assurance that [counsel] is familiar" with the rules governing litigation in this District. *Id.* at 485–86.

As in *Erbacci*, Buzbee's repeated violations of the Local Rules betray his lack of familiarity with local practice. The Court cannot be reasonably assured that Buzbee understands and will follow the Local Rules and customs because he has shown time and again that he cannot. After being directed by the Court to file a motion for admission *pro hac vice* under Local Civ. R. 1.3, which he should have done when the case was first filed months before, Buzbee's motion was

deficient.  He failed to provide a certificate of good standing from Texas in violation of Rule 1.3(k) (instead including an unsworn letter from the Texas state bar).  He also failed to provide a proposed order for the Court to grant and to include a wet signature as the attorney seeking *pro hac* status in a filing made from another lawyer's PACER account.

Additionally, Buzbee's conduct in this case unrelated to his *pro hac vice* application demonstrates his lack of understanding of the Local Rules and local practice.  In the early days of this case, he violated Rule 10(a) of the Federal Rules of Civil Procedure and Rule 6.14 of the S.D.N.Y. Electronic Case Filing Rules & Instructions by filing the action under a pseudonym without first seeking leave of the Court.  *See* Opinion & Order (Oct. 30, 2024), ECF No. 17 at 1 (ordering Plaintiff to file a complaint in her own name and noting counsel's failure to seek leave to file anonymously before doing so).  Buzbee violated the same rule in multiple other cases filed against Defendants in recent months as well.  *See, e.g.,* Order, *Doe v. Combs*, 24-cv-07769 (S.D.N.Y.  Oct. 15, 2024), ECF No. 13; Order, *Doe v. Combs*, 24-cv-07976 (S.D.N.Y. Oct. 21, 2024), ECF No. 12; Order, *Doe v. Combs*, 24-cv-08811 (S.D.N.Y. Nov. 20, 2024), ECF. No. 5. Even crediting Buzbee's claim that his repeated violations of the rules governing practice in this District are inadvertent, the Court can and should use its discretion to deny his motion for *pro hac vice* admission because of Buzbee's apparent lack of familiarity with local practice and his failure, even after acknowledging his violations, to take corrective action in his other cases pending in this District.

Moreover, Buzbee's application for *pro hac vice* admission is itself deficient.  Local Rule 1.3(k)(4) requires applicants for *pro hac vice* admission to state the facts and circumstances surrounding any disciplinary proceeding against the applicant.  Buzbee purports to comply with this requirement by stating that "[t]he primary factor underlying" the grievance against him "is

that [he] electronically signed numerous pleadings alongside my firm's local counsel[,]" and further noting the grievance included information regarding "the filing of a lawsuit against me by a former client." ECF 49-2 ¶ 7. But this bare bones description is not sufficient to state the circumstances of the grievance because he only discloses one "factor" underlying the grievance when Buzbee's own declaration implies there were multiple factors, and though he vaguely references a lawsuit against him by a former client, he fails to describe the nature of those claims. *See id.* In addition, the declaration submitted by Buzbee's local counsel in support of Buzbee's *pro hac vice* application falsely represents that Buzbee has never been "censured, suspended, disbarred or denied admission or readmission by any court." ECF No. 49-1 ¶ 5.

In addition to violating the Local Rules, in pursuing litigation in this District, Buzbee has also repeatedly violated the New York Rules of Professional Conduct.[6] For example, New York Rule of Professional Responsibility 3.6(a) prohibits attorneys who are participating in a civil matter from making "an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." N.Y. R. Prof. Conduct 3.6(a). A statement is likely to prejudice the matter if, among other things, it relates to "the character, credibility, reputation or criminal record of a party, suspect in a criminal investigation or witness, or . . . the expected testimony of a party or witness," "any opinion as to the guilt or innocence of a defendant," or "the fact that a defendant has been charged with a crime, unless there is included therein a statement explaining that the charge is merely an accusation and that the defendant is presumed innocent until and unless proven guilty." N.Y. R. Prof. Conduct 3.6(b). A lawyer may only state the following "without elaboration":

---

[6]    An attorney practicing in this District may be subject to discipline for violating the New York State Rules of Professional Conduct. *See* Local Civ. R. 1.5(b)(5).

    (1) The claim, offense or defense and, except when prohibited by law, the identity of the persons involved;

    (2) Information contained in a public record;

    (3) That an investigation of a matter is in progress;

    (4) The scheduling or result of any step in litigation;

    (5) A request for assistance in obtaining evidence and information necessary thereto;

    (6) A warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest.

N.Y. R. Prof. Conduct 3.6(c).

Buzbee's frequent press appearances clearly violate this Rule. For example, in a press conference Buzbee held on October 1, 2024 to advertise the launch of his campaign against Defendants and promote a 1-800 number viewers could call to make claims against Defendants, Buzbee described in great detail the expected testimony of several of the supposed 120 individuals on whose behalf he claimed he would be filing lawsuits.[7] *See* Fox26 Houston, *Full Video: Tony Buzbee on lawsuits against Diddy*, https://www.fox26houston.com/video/1525043 (containing full video recording of Mr. Buzbee's Oct. 1, 2024 press conference) (the "Oct. 1 Video"). Describing his clients, Buzbee said "[i]t's shocking to hear the youngest victim at the time of the occurrence was nine years old," and claimed to represent 25 minors who were sexually abused as children, implicitly accusing Mr. Combs of grave criminal conduct with which he has never been charged. *See* the Oct. 1 Video, 7:11-7:51 (last visited February 25, 2025). In flagrant violation of

---

[7] Though Mr. Buzbee has filed several cases against the Defendants in other jurisdictions, he has not filed anything close to the 120 cases he claimed he would bring in his press conference. *See* Click2Houston, *Houston Attorney Tony Buzbee Reveals New Details on More Than 100 Pending Lawsuits Against Sean 'Diddy' Combs*, https://www.click2houston.com/news/local/2024/10/01/houston-attorney-tony-buzbee-to-reveal-new-details-on-more-than-100-pending-lawsuits-against-sean-diddy-combs/.

the New York Rules of Professional Responsibility R. 3.6(a), Buzbee went on to describe in detail his clients' expected testimony, including where they would say the alleged assaults occurred, the circumstances under which they would claim the assaults took place, the nature of the relationships his clients would claim they had had with Mr. Combs prior to the purported assaults, the modus operandi his clients would allege Mr. Combs used to effectuate the alleged assaults, the alleged assaultive conduct his clients would claim they experienced and the alleged injuries and harm his clients would say they suffered. *Id.*, 29:46-35:47.

Buzbee did not just preview his clients' expected testimony in general terms—he relayed anticipated accounts of the as-of-then unfiled allegations from specific unnamed clients. In describing his clients' expected narratives, he claimed that he had "corroborated, vetted and collected evidence" for each of the accounts he presented, vouching for the truthfulness of his clients' allegations and implicitly of Mr. Combs' guilt. *Id.*, 30:43-30:49. After the press conference, Buzbee went on to participate in a media blitz campaign to promote his lawsuits and in doing so, he routinely implied that Mr. Combs has a "predilection" for predatory sexual assaults, commenting on and denigrating his character.[8] There can be no serious dispute that such statements had a "substantial likelihood of materially prejudicing" this and other adjudicative proceedings in flagrant violation of Rule 3.6. Indeed, even though *none* of Buzbee's clients is expected to testify at Mr. Combs' criminal trial, Buzbee's extrajudicial statements here are likely to prejudice Mr. Combs' criminal case as they unambiguously express "opinion as to the guilt or

---

[8]    *See e.g.*, Youtube, *The Chris Hansen Show – Episode 1 – Attorney Tony Buzbee* (Oct. 3, 2024) (last visited Feb. 25, 2025)  https://www.youtube.com/watch?v=YyNPzxmkcUw, 12:30-12:50 (suggesting that the number of people who had publicly accused Mr. Combs of assault as of that date was merely "the tip of the iceberg"); 16:14-17:08 (stating of Mr. Combs, "when you have this predilection like this it happens over and over, you know it doesn't just happen once, typically when something like this happens, you can bet that it's probably happened more than once, that's what's different about this case in my view is that this was not a secret").

innocence of a defendant" and "relate to "the character, credibility, reputation . . . of a party, suspect in a criminal investigation." *See* N.Y. R. Prof. Conduct 3.6(a).

As a result of Buzbee's knowing failure to seek admission while continuing to practice in this District, his violation of the Local Rules and the New York Rules of Professional Responsibility, and the deficiencies in his *pro hac vice* application, Buzbee does not "merit the privilege of appearing *pro hac vice*" because the Court cannot be confident that his representations to the Court can be relied on. In *Ascento Capital, LLC v. Filipiak*, the district court issued an order to show cause explaining that plaintiff, a corporate entity, could not proceed *pro se* and that plaintiff's founder, an attorney who had not submitted an application to appear *pro hac vice*, did not appear to qualify as counsel. No. 24-cv-6392, 2024 WL 4536667, at *1 (S.D.N.Y. Sept. 30, 2024). In response to the court's order, plaintiff's counsel submitted a motion to appear *pro hac vice*, stating that he mistakenly believed he had been given permission to practice on a pro hac basis in the matter. *Id.* In his motion, plaintiff's counsel swore that he had never been suspended, but the Court independently determined that counsel had previously been administratively suspended in New York State under Judiciary Law Section 468-a, which requires attorneys to file a biennial registration statement with the New York State bar. *Id.* Even though plaintiff's counsel only failed to disclose an administrative suspension for a failure to comply with a registration requirement, as opposed to discipline doled out for affirmative misconduct, the district court denied counsel's motion because it is essential that courts "be able to rely upon representations made on the record by attorneys licensed to practice before it." *Id.* at 2 (internal quotation omitted). The deception inherent in plaintiff's omission, whether willful or not, was sufficient to undermine the court's confidence that the attorney would behave "professionally and ethically." *Id.* (internal quotation omitted).

15

The reasoning in *Ascento* applies with equal force here.  Because Buzbee failed to seek *pro hac vice* admission or even note in his signature block that an application for admission was pending or forthcoming, the Court reasonably assumed that Buzbee was permitted to practice in this District.  When the question of whether Buzbee was permitted to practice in this District came up in other matters, he expressly represented that he was in the process of getting admitted to the District.  But his implied and express representations were not true, and he knew they were not true when he made them.  Buzbee did not apply for admission to any court in this District in any capacity until Judge Torres gave him a two-week deadline to show proof that he was actually admitted, long after he represented that his admission was forthcoming.  *See* Order, *Doe v. Combs et al.*, 24-cv-07975 (Jan. 28, 2025), ECF No. 80.  Even after Buzbee's failure to obtain permission to practice in this District was brought to his attention by his adversaries and by other Judges in this District, Buzbee still failed to take any steps to correct his mistake.

Moreover, his public statements reflect that he does not appreciate the gravity of his violations.  Indeed, rather than acknowledge the limitations of his practice authority in the face of public inquiries about the denial of his admission application to the Southern District of New York (or remain silent), Buzbee instead chose to make a public statement that deflected, claiming that reports of him being " 'barred' from practicing law in New York State" were "trash" and "pure bunk" and boasting: "Although I prefer Texas, I'm proud of the legal work we are doing in New York."  Declaration of Mark Cuccaro dated February 25, 2025, Exhibit A.  While it is apparently true that Buzbee is admitted to practice law in the state courts of New York, his public statements in response to the order denying his admission to the Southern District of New York are deliberately misleading.

Against this backdrop, the Court cannot credit his promise that he will never repeat his misconduct. Indeed, there are at least nineteen other judges in this District to whom he has not yet disclosed the Order Denying Admission and from whom he has not yet sought permission to appear *pro hac vice.*

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Buzbee's application to appear *pro hac vice.*

Dated: New York, New York
       February 25, 2025

Respectfully submitted,

*/s/   Mark Cuccaro*

Mark Cuccaro
Erica A. Wolff
Michael Tremonte

SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
mcuccaro@shertremonte.com
ewolff@shertremonte.com
mtremonte@shertremonte.com

*Attorneys for Defendants Sean Combs, Daddy's House Recordings, Inc., CE OpCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC*

17

## **CERTIFICATION**

The undersigned hereby certifies that the Memorandum of Law in Opposition to Plaintiff's Amended Motion for Admission Pro Hac Vice for Anthony Buzbee complies with the word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The word count, exclusive of the caption, tables, and signature blocks, is 5,608 according to the word-processing system used to prepare the document.


Dated:  February 25, 2025
        New York, New York


                                        */s/     Mark Cuccaro*
                                        Mark Cuccaro