UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| CANDICE MCCRARY, | : |
| | : |
|           Plaintiff, | : |
| | : |
| v. | :   Case No. 24-CV-08054-MKV |
| | : |
| SEAN COMBS, DADDY'S HOUSE | :   **ORAL ARGUMENT REQUESTED** |
| RECORDINGS INC., CE OPCO, LLC d/b/a | : |
| COMBS GLOBAL f/k/a COMBS ENTERPRISES | : |
| LLC, BAD BOY ENTERTAINMENT HOLDINGS, | : |
| INC., BAD BOY PRODUCTIONS HOLDINGS, | : |
| INC., BAD BOY BOOKS HOLDINGS, INC., BAD | : |
| BOY RECORDS LLC, BAD BOY | : |
| ENTERTAINMENT LLC, BAD BOY | : |
| PRODUCTIONS LLC, MARRIOTT | : |
| INTERNATIONAL, INC. and | : |
| ORGANIZATIONAL DOES 1-10, | : |
| | : |
| | : |
|           Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS THE AMENDED COMPLAINT AGAINST
<u>THE COMBS DEFENDANTS</u>**

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTS ALLEGED IN THE AMENDED COMPLAINT ........................................................ 2

STANDARD OF REVIEW .................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

I. PLAINTIFF'S GMVL CLAIM IS UNTIMELY BECAUSE STATE LAW PREEMPTS THE GMVL'S REVIVAL PROVISION ......................................................... 3

II. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT ............................................................. 7

III. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS ALSO FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY ................................................................................................. 8

IV. THE GMVL CLAIM MUST FAIL AS AGAINST THE TWO COMPANY DEFENDANTS THAT DID NOT EXIST IN 2004 .......................................................... 13

CONCLUSION .................................................................................................................. 14

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adorno v. Corr. Servs. Corp.*,
 312 F. Supp. 2d 505 (S.D.N.Y. 2004) .................................................................................... 11

*AJ Energy LLC v. Woori Bank*,
 No. 18-cv-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019) .............................. 3, 12

*Albany Area Builders Ass'n v. Town of Guilderland*,
 74 N.Y.2d 372 (1989) ............................................................................................................ 4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................................... 2, 3

*Atuahene v. City of Hartford*,
 10 F. App'x 33 (2d Cir. 2001) ................................................................................................ 9

*Bardwil Indus. Inc. v. Kennedy*,
 No. 19 CIV. 8211 (NRB), 2020 WL 2748248 (S.D.N.Y. May 27, 2020) ................................ 9

*Bell Atl. Corp. v.Twombly*,
 550 U.S. 544 (2007) ..................................................................................................... 2, 3, 12

*Bellino v. Tallarico*,
 No. 24-cv-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) .............................. 3, 6

*Bensky v. Indyke*,
 No. 24-CV-1204 (AS), 2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024) .................................. 7, 8

*Beter v. Baughman*,
 No. 24-CV-0079 (GHW) (RFT), 2024 WL 1333570 (S.D.N.Y. Mar. 13, 2024) .................. 10

*Cronin v. Hertz Corp.*,
 818 F.2d 1064 (2d Cir. 1987) ............................................................................................... 11

*Delgado v. Donald J. Trump for President, Inc.*,
 No. 952333/2023, NYSCEF No. 127 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025) ............................ 10

*DJL Rest. Corp. v. City of New York*,
 96 N.Y.2d 91 (2001) .......................................................................................................... 3, 4

*Doe v. Alsaud*,
 12 F. Supp. 3d 674 (S.D.N.Y. 2014) ............................................................................... 12, 13

*Doe v. Black*,
   No. 23-CV-6418 (JGLC), 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024) .......................... 6, 7, 8

*Doe v. New York City Dep't of Educ.*,
   No. 21-cv-4332, 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023).............................................. 13

*Doe v. Solebury Sch.*,
   No. 21-cv-06792 (LLS), 2022 WL 1488173 (S.D.N.Y. May 11, 2022) .................................. 13

*Forest Park Pictures v. Universal Tel. Network, Inc.*,
   683 F.3d 424 (2d Cir. 2012).................................................................................................... 3

*Ghartey v. St. John's Queens Hosp.*,
   869 F.2d 160 (2d Cir. 1989).................................................................................................... 3

*Giunta v. Dingman*,
   893 F.3d 73 (2d Cir. 2018)...................................................................................................... 2

*In re Tronox Inc.*,
   549 B.R. 21 (Bankr. S.D.N.Y. 2016)..................................................................................... 13

*K.W. v. Cnty. of Rockland*,
   83 Misc. 3d 1023 (Sup. Ct. Rockland Cnty. 2024).................................................................. 4

*Merrell-Benco Agency, LLC v. HSBC Bank USA*,
   20 A.D.3d 605 (3rd Dep't 2005)............................................................................................ 14

*Mohamad v. Palestinian Auth.*,
   566 U.S. 449 (2012)................................................................................................................ 8

*N.X. v. Cabrini Med. Ctr.*,
   97 N.Y.2d 247 (2002) ........................................................................................................... 12

*Nesbeth v. N.Y.C. Mgmt. LLC*,
   No. 17 Civ. 8650 (JGK), 2019 WL 110953 (S.D.N.Y. Jan. 4, 2019)....................................... 9

*Noto v. Cia Secula di Armanento*,
   310 F. Supp. 639 (S.D.N.Y. 1970) ........................................................................................ 13

*Oawlawolwaol v. Boy Scouts of Am.*,
   No. 21-cv-4714 (PKC) (JMW), 2021 WL 4355880 (E.D.N.Y Sept. 24, 2021) ........................ 4

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
   No. 12 Civ. 2837 (KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ................................... 9

*O'Rear v. Diaz*,
   No. 24 Civ. 1669 (PAE), 2025 WL 283169 (S.D.N.Y. Jan. 23, 2025).............................. 10, 11

*Parker v. Alexander*,
  No. 24-CV-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) .......................... 3, 4, 5, 6

*Regina Metro. Co., LLC, v. New York State Div. of Hous. and Cmty. Renewa*l,
  35 N.Y.3d 332 (2020) ................................................................................................................ 6

*Swarna v. Al-Awadi*,
  622 F.3d 123 (2d Cir. 2010) ..................................................................................................... 12

*Ward v. Cross Cnty. Multiplex Cinemas, Inc.*,
  62 A.D.3d 466 (1st Dep't 2009) ............................................................................................... 14

**Statutes**

New York Penal Code §§ 130 et seq. ............................................................................................. 4

**Rules**

CPLR § 214 ................................................................................................................................... 11

CPLR § 214-g ............................................................................................................................. 4, 6

CPLR § 214-j .............................................................................................................................. 4, 5

Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 9

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 2, 3

**Other Authorities**

N.Y.C. Admin. Code § 10-1104 ................................................................................... 7, 8, 10, 11

N.Y.C. Admin. Code § 10-1105(a) ............................................................................................ 3, 5

This memorandum of law is respectfully submitted on behalf of defendants Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants") in support of their motion to dismiss Plaintiff Candice McCrary's Amended Complaint (ECF #23, the "AC")[1] with prejudice.

## PRELIMINARY STATEMENT

Mr. Combs denies the entirely false and salacious claims against him in the Amended Complaint and is confident that he and the Company Defendants (against whom no misconduct or participation is even alleged) would be fully vindicated if this case were to proceed to trial. This case, however, should not proceed to trial because Plaintiff's single claim, brought under New York City's Victims of Gender-Motivated Violence Protection Law ("GMVL"), is both time-barred and otherwise fails to state a claim upon which relief can be granted. Accordingly, this lawsuit should be dismissed in its entirety at the pleading stage.

Plaintiff's GMVL claim fails at the outset because it is time-barred. Plaintiff alleges she was assaulted in 2004. Because the statute of limitations for a GMVL claim is seven years, her claim expired more than a decade before she filed this lawsuit in October 2024. And the GMVL's two-year revival window does not apply because this New York City law is preempted by overlapping state law, as other courts in this district have recently held.

---

[1] The Amended Complaint is identical to Plaintiff's initial Complaint (ECF #1), except that Plaintiff disclosed her name in the Amended Complaint after the Court denied her motion to proceed under a pseudonym (ECF #17). Plaintiff has informed the Court that she will not file an amended complaint in response to the dismissal arguments in Defendants' pre-motion letters. *See* ECF #52.

1

Even if Plaintiff had pled a GMVL claim against Mr. Combs (she has not), the claim against the Company Defendants necessarily fails. The GMVL only applied to natural persons, not entities, until it was amended in 2022. As courts in this district have unanimously held, the GMVL therefore cannot be retroactively applied to company conduct pre-dating 2022. Moreover, even if the GMVL could be applied to the Company Defendants (it cannot), there are no allegations of specific conduct by them that could render them liable under the GMVL. Finally, two of the Company Defendants were not even formed in 2004, when the assault allegedly occurred, and cannot be liable.

For all these reasons, the Amended Complaint should be dismissed in its entirety against the Combs Defendants with prejudice.

## FACTS ALLEGED IN THE AMENDED COMPLAINT[2]

Plaintiff alleges that, in 2004, she was sexually assaulted by Mr. Combs in "a Manhattan area Marriott hotel." AC ¶¶ 35, 38-39. No other incidents are alleged in the Amended Complaint apart from this alleged assault in 2004. *See generally* AC. Plaintiff filed her initial Complaint on October 23, 2024 (ECF #1) and her Amended Complaint on November 12, 2024 (ECF #23).

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a district court "accept[s] all of the complaint's factual allegations as true and draw[s] all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). The complaint must, however, plead allegations that state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[2] While the Combs Defendants vehemently deny the allegations in the Amended Complaint and will disprove them if the case proceeds to the merits, these allegations are taken as true solely for purposes of this motion to dismiss.

2

for the misconduct alleged.'" *Forest Park Pictures v. Universal Tel. Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (quoting *Ashcroft*, 556 U.S. at 678). It is not enough to assert mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. A court "is not required to credit conclusory allegations unsupported by facts . . . or to suspend common sense in conducting its analysis." *AJ Energy LLC v. Woori Bank*, No. 18-cv-3735 (JMF), 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019), *aff'd*, 829 F. App'x 533 (2d Cir. 2020) (internal citation omitted).

"Where the dates in a complaint show that an action is barred by a statute of limitations," a defendant may move for pre-answer dismissal on those grounds. *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Id*.

## ARGUMENT

### I. PLAINTIFF'S GMVL CLAIM IS UNTIMELY BECAUSE STATE LAW PREEMPTS THE GMVL'S REVIVAL PROVISION

Plaintiff's claim is based on a single incident that allegedly occurred in 2004. *See* AC ¶¶ 34-39. Because the GMVL's statute of limitations is seven years, this claim expired more than ten years before it was filed (in October 2024). *See* N.Y.C. Admin. Code § 10-1105(a) (seven-year statute of limitations for GMVL claim). Plaintiff cannot save her expired GMVL claim by invoking a recent amendment that purports to establish a revival window through 2025, because that (New York City-enacted) amendment is preempted by New York State law. *See Parker v. Alexander*, No. 24-CV-4813 (LAK), 2025 WL 268436, at *2-3 (S.D.N.Y. Jan. 22, 2025) (holding that the GMVL's revival window is preempted by the CVA and ASA); *Bellino v. Tallarico*, No. 24-cv-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024) (same).

State law may preempt local law expressly or implicitly. *DJL Rest. Corp. v. City of New*

3

*York*, 96 N.Y.2d 91, 95 (2001). Implicit preemption occurs when the state legislature has "enacted a comprehensive and detailed regulatory scheme in a particular area" such that the local government is "precluded from legislating on the same subject matter unless it has received 'clear and explicit' authority to the contrary." *Id.* (citations omitted); *see also Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372, 377 (1989) ("Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with a State-wide statute."). That is precisely what the New York State Legislature did by its enactment of the Child Victims Act of 2019 (the "CVA") and its corollary for adult victims, the Adult Survivors Act (the "ASA").

Through the CVA and ASA, the legislature occupies the entire field of claim revival for sexual offense-related claims by establishing a comprehensive and detailed regulatory scheme. Together, the two statutes cover revival of *all claims and causes of action* for misconduct tied to a sexual offense under the New York Penal Code §§ 130 *et seq.* *See* CPLR §§ 214-g, 214-j. Both statutory revival windows have closed—on August 14, 2021, and November 24, 2023, for the CVA and ASA respectively. *See Oawlawolwaol v. Boy Scouts of Am.*, No. 21-cv-4714 (PKC) (JMW), 2021 WL 4355880, at *1 n.1 (E.D.N.Y. Sept. 24, 2021); *K.W. v. Cnty. of Rockland*, 83 Misc. 3d 1023, 1024 (Sup. Ct. Rockland Cnty. 2024).

Because the CVA and ASA exclusively occupy the entire field of claim revival for sexual offense-related claims, they therefore preempt the revival provision of the GMVL. *Parker*, 2025 WL 268436 at *2 ("The CVA and ASA therefore occupy the field of revival of civil claims arising from violations of state sexual offense penal statutes, preempting local laws like the [GMVL] Revival Amendment to the extent that they purport to revive the same category of claims.").

The sequence of enactments of the CVA and ASA further "confirms the legislature's intent

4

to occupy the field." *Parker*, 2025 WL 268436 at *3. The GMVL's revival amendment was "enacted in January 2022, over four months before the passage of the ASA." *Id*. The New York state legislature could "easily could have carved the [GMVL] out of the ambit of the ASA." *Id*. Instead, it chose not to do so, applying the ASA "broadly to 'every civil claim or cause of action' brought by adult victims of sexual offenses" under Article 130 of New York Penal Law, necessarily including claims that could be brought under the GMVL. *Id*. (citation omitted). Moreover, the ASA applies "notwithstanding any provision of law which imposes a period of limitation to the contrary." *Id*. (quoting CPLR § 214-j). The New York legislature "could have stated that the ASA applies notwithstanding any *more restrictive* limitations period." *Id*. (emphasis in original). But instead, it deliberately chose not to do so, "despite its presumed awareness" of the GMVL's earlier-enacted revival amendment. *Id.*

On their face, the GMVL's revival amendment conflicts with the CVA's and the ASA's revival windows. *Id*. ("The revival windows created by the ASA and the [GMVL] Revival Amendment conflict."). The GMVL authorizes claims for overlapping sexual offenses to be brought from March 1, 2023 through March 1, 2025. N.Y.C. Admin. Code § 10-1105(a). This is long after the revival windows had closed under the CVA (August 2021) and the ASA (November 2023). In other words, the GMVL amendment creates a new revival window for claims rooted in sexual misconduct that is inconsistent with the deadlines set by the ASA and CVA. *Parker*, 2025 WL 268436 at *3. By extending the revival period for certain claims relating to sexual misconduct, the amendment's expansion stands in direct conflict with the ASA's and CVA's mandates that their revival periods control "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." *Id*. (quoting CPLR §§ 214-j). Where, as here, "the legislature has intended to revive time-barred claims, it has typically said so unambiguously, providing a limited

5

window when stale claims may be pursued." *Id*. Allowing the GMVL to extend the revival window for claims based on sexual offenses after the ASA's window closed "would conflict with the legislature's creation of such a limited window." *Id.*

Applying this logic, courts in this district have recently held that the ASA and CVA preempt the GMVL's revival amendment, thereby warranting dismissal of otherwise untimely claims falling outside of the ASA and CVA revival windows. *See id.* at *2-3 (dismissing GMVL claims falling outside CVA and ASA revival windows); *Bellino,* 2024 WL 1344075 at *1 (same).[3]

Furthermore, to the extent there is any doubt the ASA and/or CVA preempts GMVL's revival window, that doubt must be resolved in favor of preemption because "[r]evival is an extreme exercise of legislative power" and "[u]ncertainties are resolved against consequences so drastic." *Regina Metro. Co., LLC*, 35 N.Y.3d at 371. To balance this extreme exercise of legislative power and its "upsetting [of] the strong public policy favoring finality, predictability, fairness and repose served by [the] statute[] of limitations," the state legislature provides only "a limited window when stale claims may be pursued." *Id.* at 371-72. Here, the New York State Legislature made the deliberate choice to revive stale claims arising from sexual misconduct for only limited periods of time pursuant to the CVA and ASA. A local law cannot be permitted to upset that policy determination by creating an enlarged revival window for claims covered by the

---

[3] The Combs Defendants acknowledge that Judge Clarke recently issued two decisions rejecting the argument that the CVA preempts the GMVL. *See Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 WL 4335453, at *3-7 (S.D.N.Y. Sept. 27, 2024); *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024). Neither of those decisions substantively addressed, as *Parker* did, how the GMVL's revival provision could be given effect when it is inconsistent with the CVA and ASA's revival provisions which apply "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." CPLR §§ 214-g, 214-j. Moreover, in *Black*, Judge Clarke certified this very issue for interlocutory appeal to the Second Circuit, where the defendant's petition for interlocutory review is currently sub judice. *See Doe v. Black*, 24-3025 (2d Cir.), Doc. Nos. 2, 5, 7.

Finally, Judge Clarke's reasoning should not control here for the additional reasons articulated in *Parker*. *See* 2024 WL 4987044 at *4 (noting, first, that Judge Clarke's decisions did not consider the ASA, focusing instead solely on the CVA; and second, that Judge Clarke focused on the complexity of the CVA, while the dispositive question, however, is not whether the laws are complex, but whether they "occupy the entirety of their respective fields due to the breadth of their application").

ASA's and CVA's revival windows. For these reasons, the GMVL claim must be dismissed as untimely.

**II. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT**

Plaintiff's GMVL claim fails against the Company Defendants for the additional reason that the GMVL *did not apply* to corporate entities until it was amended in 2022. And the GMVL cannot be applied retroactively to corporate defendants based on conduct pre-dating the 2022 amendment. *See Doe v. Combs*, No. 23-cv-10628 (JGLC), 2024 WL 4987044, at *2 (holding that GMVL cannot be applied retroactively to alleged company conduct pre-dating 2022); *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024) (indirect liability claim under GMVL cannot be applied retroactively to conduct pre-dating 2022).

As originally enacted in 2000, the GMVL provided a cause of action against only the ***individual*** who perpetrated a gender-motivated crime of violence. The City Council's 2022 amendment to the statute expanded liability to any "***party*** who commits, ***directs, enables, participates in, or conspires*** in the commission of a crime of violence motivated by gender . . . ." N.Y.C. Admin. Code § 10-1104 (emphases added). This legislative history was described by Judge Clarke in a recent opinion involving claims against Mr. Combs:

> Prior to the 2022 amendment, the VGMVPL provided: "any person claiming to be injured by an *individual* who commits a crime of violence motivated by gender ... has a cause of action against such individual in any court of competent jurisdiction ...." N.Y.C. Admin. Code § 10-1104 (2000) (previously codified at § 8-904) (the "2000 VGMVPL") (emphases added). In 2022, the VGMVPL was amended to provide a civil cause of action against "any person claiming to be injured by a party who commits, *directs, enables, participates in, or conspires in the commission of* a crime of violence motivated by gender has a cause of action against such party in any court of competent jurisdiction ...." N.Y.C. Admin. Code § 10-1104 (the "2022 VGMVPL") (emphases added). The 2022 VGMVPL therefore appears to expand the scope of liability: whereas the 2000 VGMVPL applied to any "individual," the 2022 VGMVPL applies to any "party." And while the 2000 VGMVPL only

7

included those who "commit[ed]" an action—the 2022 VGMVPL additionally includes those who "direct[ ], enable[ ], participate[ ] in, or conspire[ ] in" an action. *Combs*, 2024 WL 4987044 at *2 (emphases in original).

The Company Defendants could not have been held liable for any conduct under the original GMVL because they are not "individuals." *See id*. (holding that "individual" under the original GMVL is "a single person, as opposed to a group or institution" and therefore cannot apply to "corporations"); *see also Mohamad v. Palestinian Auth.*, 566 U.S. 449, 454-57 (2012) (explaining that the ordinary meaning of "individual" refers to "a natural person" as opposed to "a corporation").

The City Council's 2022 amendment to the GMVL expanded liability beyond individuals and their direct conduct, potentially reaching any type of party who "directs, enables, participates in, or conspires in" a GMVL violation. N.Y.C. Admin. Code § 10-1104. However, the courts addressing this amendment have unanimously found that it cannot be applied retroactively to conduct pre-dating 2022. *See Combs*, 2024 WL 4987044 at *4 ("the Court has concluded the 2022 VGMVPL is not retroactive"); *Bensky*, 2024 WL 3676819 at *9 (same conclusion).

Because all the alleged underlying conduct in the Amended Complaint transpired long before the 2022 amendment expanding liability to corporate entities, the GMVL claim against the Company Defendants must be dismissed on this ground alone.

### III. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS ALSO FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY

Even if the GMVL could be applied retroactively to the Company Defendants (it cannot), the Amended Complaint does not allege a GMVL claim against them. The GMVL creates indirect liability against a party only where it "directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104. No

8

such allegation is made against any of the Company Defendants, let alone all of them.

As an initial matter, the Amended Complaint fails to differentiate at all between the Company Defendants, nor does it allege any specific conduct by them. This failure to distinguish between any of the Company Defendants alone warrants dismissal of the claims against them. Under Federal Civil Rule of Procedure Rule 8(a)(2), a complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quotation marks omitted). Accordingly, "[w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 Fed Appx 19 (2d Cir. 2013). A complaint may not simply "lump[ ] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Atuahene*, 10 F. App'x at 34; *accord Nesbeth v. N.Y.C. Mgmt. LLC*, 17 Civ. 8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019). Accordingly, where, as here, "not a single allegation specifies which defendant engaged in what misconduct," dismissal for impermissible group pleading is warranted. *Bardwil Indus. Inc. v. Kennedy*, No. 19 CIV. 8211 (NRB), 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020).

Even apart from its impermissible group pleading, none of the allegations in the Amended Complaint can make out a GMVL claim against any of the Company Defendants. At most, the Amended Complaint alleges in entirely conclusory manner that (1) all Company Defendants should have known of Mr. Combs' propensity for sexual assault and have taken measures to restrain him; and (2) that Mr. Combs used his positions at all Company Defendants in some unspecified way to commit assaults. *See* AC ¶¶ 43-46. None of these allegations give rise to a

9

plausible inference that any of the Corporate Defendants "commit[ted], direct[ed], enable[d], participate[d] in, or otherwise conspire[d]" to commit a sexual assault. N.Y.C. Admin. Code § 10-1104; *O'Rear v. Diaz*, No. 24 Civ. 1669 (PAE), 2025 WL 283169, at *9 (S.D.N.Y. Jan. 23, 2025) (dismissing GMVL claim against entities because "as pled, the corporate defendants did not do anything to commit, direct, enable, participate in, or conspire in the commission" of alleged sexual assault) (cleaned up); *Delgado v. Donald J. Trump for President, Inc.*, No. 952333/2023 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025), NYSCEF #127 (granting motion to dismiss GMVL claim against entity defendant because "[t]he extent of allegation that [entity] enabled the violations of the [GMVL] [we]re a simple conclusory statement that [the entity] so enabled [the alleged violence], and another statement that . . . [the entity] 'provided the means whereby [individual defendant] would be a supervisor of plaintiff in unsupervised contexts'"); *see also Beter v. Baughman*, No. 24-CV-0079 (GHW) (RFT), 2024 WL 1333570, at *11, 13-14 (S.D.N.Y. Mar. 13, 2024), *report and recommendation adopted,* No. 24-CV-79-GHW-RFT, 2024 WL 1329066 (S.D.N.Y. Mar. 28, 2024) (finding plaintiff failed to state claims for aiding and abetting sexual assault against defendant who allegedly "introduced" plaintiff to the accused assaulter, "did so knowing that" the accused assault "had a history of improperly touching women," because "[n]othing in the Complaint supports a conclusion that [defendant] knew that his conduct would help [the alleged assaulter] sexually assault Plaintiff or that [defendant] intended to help [the alleged assaulter] sexually assault Plaintiff").

Indeed, there is not a single allegation that any specific person associated with any of the Corporate Defendants (other than Mr. Combs) had any knowledge of the alleged assault at all. *See O'Rear*, 2025 WL 283169 at *9 (dismissing GMVL claim against entities in absence of allegation that they "had foreknowledge of the crime").

10

Moreover, the vague and conclusory claim that the Company Defendants should have known about and somehow stopped Mr. Combs' actions sounds in negligence. *See Adorno v. Corr. Servs. Corp.*, 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004) (company defendant's alleged "notice of [employee's] propensity to commit sexual acts" from prior complaints was only relevant to negligence, not liability for the assault itself) (citing *Cronin v. Hertz Corp.*, 818 F.2d 1064, 1068 (2d Cir. 1987)). But the GMVL does not create a cause of action for negligently failing to stop an act of gender-motivated violence. It requires an active contribution to the violation, in the form of either "direct[ing], enabl[ing], participat[ing] in, or otherwise conspir[ing]" to commit it. N.Y.C. Admin. Code § 10-1104. No such active contribution is alleged. Plaintiff is impermissibly attempting to do an end run around the three-year statute of limitations that would apply to a true negligence claim. *See* CPLR § 214. But the GMVL does not support claims for negligence and this attempt should be rejected.

Furthermore, Plaintiff's allegation that the Company Defendants could have prevented any alleged assault is not supported by a single factual allegation. Plaintiff does not allege any fact giving rise to the plausible inference that at the time of the alleged misconduct in 2004, any of the Company Defendants had knowledge of any purported propensities for misconduct. *See O'Rear*, 2025 WL 283169 at *9 (dismissing GMVL claim against entities in absence of allegation showing that company defendants had knowledge of individual perpetrator's "predilection to commit such a crime."). Instead, Plaintiff points to the mere fact of "other civil lawsuits" against Mr. Combs (AC ¶ 43), the earliest of which was filed in November 2023 (*id.* ¶ 10). Allegations in unsubstantiated lawsuits filed nearly twenty years after the alleged incident do nothing to shore up an allegation that in 2004 any of the Company Defendants (let alone each of them) had any awareness of any purported propensity of misconduct. These allegations are nothing more than

11

the sort of "formulaic recitation[s] of the elements" of the cause of action that courts routinely reject as insufficient. *Bell Atl. Corp.*, 550 U.S. at 555; *see also Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014) (granting motion to dismiss negligent supervision and retention claim where the pleadings lacked any factual allegations that the defendant "knew or should have known" of the tortfeasor's alleged "predisposition for abusing women, his violent propensities, and his status as a sexual predator, yet did nothing to stop it").

The only other allegation against the Company Defendants—that Mr. Combs "used his titles and authority conferred by the Combs Business . . . to facilitate and perpetuate the violent assault on Plaintiff"—fares no better. AC ¶ 45. First, this is an entirely conclusory statement that cannot be credited—it provides no explanation of how Mr. Combs' affiliation with these entities was actually related to the alleged assault. *See AJ Energy LLC*, 2019 WL 4688629 at *3 (a court "is not required to credit conclusory allegations unsupported by facts"). Second, the allegation only relates to actions by *Mr. Combs* to abuse his positions of authority. It does not allege the kind of active participation by the Company Defendants that could subject them to liability under the GMVL.

Finally, to the extent that Plaintiff's unclear and unsupported allegations are construed as making a respondent superior claim against the Company Defendants, this claim would necessarily fail as a matter of law. Under New York law, an employer may be responsible for the acts of its employees "only if those acts were committed in furtherance of the employer's business and within the scope of employment." *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002). Sexual misconduct "arise[s] from personal motives and do[es] not further an employer's business." *Swarna v. Al-Awadi*, 622 F.3d 123, 144–45 (2d Cir. 2010). Therefore, "[i]t is well-settled in the Second Circuit" that "sexual misconduct is **necessarily** outside the scope of employment." *Doe v.*

*New York City Dep't of Educ.*, No. 21-cv-4332, 2023 WL 2574741, at *5 (E.D.N.Y. Mar. 20, 2023) (emphasis added); *see also*, *e.g.*, *Doe v. Solebury Sch.*, No. 21-cv-06792 (LLS), 2022 WL 1488173, at *3-4 (S.D.N.Y. May 11, 2022) (dismissing vicarious liability claim against employer related to sexual assaults); *Alsaud*, 12 F. Supp. 3d at 677 (dismissing respondeat superior claim against employer and noting that "[n]o decision in New York has been cited to date in which the doctrine of respondeat superior was held to apply to sexual assault"). Accordingly, such misconduct cannot be imputed to a corporate employer.

Accordingly, no conduct supporting a violation of the GMVL has been alleged against the Company Defendants, and the claim against them must also be dismissed on this independent ground.

## IV. THE GMVL CLAIM MUST FAIL AS AGAINST THE TWO COMPANY DEFENDANTS THAT DID NOT EXIST IN 2004

The claim against two of the Company Defendants is fatally flawed for the additional reason that these entities **were not yet formed in 2004, when the assault is alleged to have occurred** (AC ¶ 34). Therefore, these defendants could not possibly have directed, enabled, or participated or conspired in the alleged assault. Specifically, Bad Boy Entertainment LLC and Bad Boy Productions LLC were first formed in 2014, and thus not even in existence in 2004. *See* Declaration of Mark Cuccaro in Support of Motion to Dismiss ¶¶ 4-5, Exs. B-C. Because these defendants did not even exist at the time of the alleged occurrence, there can be no claim against them. *See In re Tronox Inc.*, 549 B.R. 21, 47-48 (Bankr. S.D.N.Y. 2016) ("no conceivable basis" for liability against company relating to "assault, battery, negligence, trespass, nuisance and other similar claims" when the conduct allegedly "occurred at least five years before [company] came into existence"); *Noto v. Cia Secula di Armanento*, 310 F. Supp. 639, 643 n.7 (S.D.N.Y. 1970) (granting dismissal of company defendant on ground that it "was not in existence at the time" of

13

oil spill underlying lawsuit); *Merrell-Benco Agency, LLC v. HSBC Bank USA*, 20 A.D.3d 605, 609 (3rd Dep't 2005) (parent company held not liable for negligence allegedly committed prior to its formation); *see also Ward v. Cross Cnty. Multiplex Cinemas, Inc.*, 62 A.D.3d 466, 467 (1st Dep't 2009) (dismissing tort claim against company because it "had no legally cognizable existence at the time of plaintiff's accident").

## CONCLUSION

For all the foregoing reasons, the Combs Defendants respectfully request that the Court issue an order dismissing the Amended Complaint against them in its entirety with prejudice.

Dated: March 4, 2025
      New York, New York

Respectfully submitted,

SHER TREMONTE LLP

*/s/ Mark Cuccaro*
Mark Cuccaro
Michael Tremonte
Erica A. Wolff
Raphael A. Friedman
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mcuccaro@shertremonte.com
mtremonte@shertremonte.com
ewolff@shertremonte.com
rfriedman@shertremonte.com
*Attorneys for Combs Defendants*

## **CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 8,750-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 4,546 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: March 4, 2025
      New York, New York

                                        Respectfully submitted,

                                        SHER TREMONTE LLP

                            By:    */s/ Mark Cuccaro*