UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

Candice McCrary,

       *Plaintiff*,                                                            No. 1:24-cv-08054-MKV

       v.

SEAN COMBS, DADDY'S HOUSE
RECORDINGS INC., CE OPCO, LLC d/b/a
COMBS GLOBAL f/k/a COMBS ENTERPRISES
LLC, BAD BOY ENTERTAINMENT
HOLDINGS, INC., BAD BOY PRODUCTIONS
HOLDINGS, INC., BAD BOY BOOKS
HOLDINGS, INC., BAD BOY RECORDS LLC,
BAD BOY ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS LLC, MARRIOTT
INTERNATIONAL, INC., and
ORGANIZATIONAL DOES 1-10.

       *Defendants*.

-------------------------------------------------------X

# **PLAINTIFF'S OPPOSITION TO DEFENDANT**

# **MARRIOTT INTERNATIONAL, INC.'S MOTION TO DISMISS**

Plaintiff Candice McCrary ("Plaintiff" or "Ms. McCrary"), by and through her undersigned counsel, hereby this Memorandum of Law in Opposition to Defendant Marriott International, Inc.'s ("Defendant" or "Marriott") motion to dismiss Plaintiff's Complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") (the "Motion"). For the reasons set forth herein, Marriot's Motion should be denied.

## PRELIMINARY STATEMENT

This action seeks relief for a violent sexual assault perpetrated by Sean "Diddy" Combs on plaintiff Candice McCrary while in a hotel suite at a Manhattan-area Marriott hotel.

Marriott sets forth two arguments in support of dismissal, both of which fail. First, Marriott contends that Ms. McCrary fails to state a claim under Rule 12(b)(6) because the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), N.Y.C. Admin Code § 10-1103, does not apply retroactively to corporate defendants due to the original VGMVPL's application only to any "individual," even though the 2022 amendment to the VGMVPL expanded the scope to any "party." As set forth herein, the plain language of the 2022 amendment to the VGMVPL, the legislative intent of the statute, and case law supports retroactive application of the VGMVPL.

Second, Marriott contends that the Complaint inadequately pleads sufficient facts to show how Marriott violated the VGMVPL as required by Federal Rule of Civil Procedure 8(a). Marriott contends, for instance, that Ms. McCrary cannot identify the specific Marriott hotel involved and pleads no specific facts of Marriott's role in the violation of VGMVPL. However, Ms. McCrary is under no burden to plead the kind of highly specific facts sought by Marriott. She has, however, pleaded enough to survive a motion to dismiss.

## RELEVANT FACTUAL BACKGROUND

2

In 2004, when she was nineteen years old, Ms. McCrary and her friends were invited to a photoshoot, hosted by Defendant Sean Combs, across the street from Plaintiff's college campus. Compl. ¶ 34. While at the photoshoot, Ms. McCrary along with another friend were invited to an afterparty. *Id.* ¶ 35. Ms. McCrary then met Combs, who invited her and her friend to his hotel for a "more exclusive party." *Id*. Ms. McCrary and her friend were taken by members of Combs' entourage to a Manhattan-area Marriott hotel. *Id*.

After entering a hotel suite, Ms. McCrary and her friend were grabbed by a man who she believed to be a security guard and taken to a separate room away from the main party. *Id.* ¶ 36. Combs was waiting, alone, in the room. *Id.* ¶ 37. The security guard left and locked the door. *Id.* Combs gave Ms. McCrary and her friend drinks, instructed them to use cocaine that was set out on a coffee table. *Id.* Combs became more aggressive with the women and began forcibly touching them without consent. *Id.* When they resisted, Combs ordered Ms. McCrary's friend friend to perform oral sex on him or else he would have them both killed. *Id.* Ms. McCrary's friend complied as Ms. McCrary begged Combs to allow them to leave. *Id.* Combs did not agree. *Id.*

Combs then forced Ms. McCrary to take her clothes off, again under the threat of violence. ¶ 38. Once she was undressed, Combs forced himself on her and began to sexually assault her. *Id*. Combs fondled, molested, and ultimately raped Ms. McCrary, all while she was begging him to stop. *Id.* Soon, and likely due to Ms. McCrary's cries, the door opened and the security guard came in to ask if everything was alright. *Id.* Ms. McCrary's friend ran out of the now-open door. *Id.* But Ms. McCrary could not move as Mr. Combs was still on top of her. *Id.*

Combs got off of Ms. McCrary to talk to the security guard, leaving the room but telling Ms. McCrary to stay or she would be killed. ¶ 39. After about a half hour sitting in the dark room

3

by herself, another security guard came and told her that she could leave. *Id.* Ms. McCrary gathered her things and left immediately, taking a taxi back to her dormitory in Brooklyn. *Id.*

These acts all took place within a suite at a Marriott hotel. Plaintiff alleges that defendant Marriott's management was "well aware" of Combs and his activities, but that management and other personnel "looked the other way" rather than intervene in situations like those described in the Complaint. *Id.* ¶¶ 26, 47. Plaintiff also alleges that Marriott benefited and profited from the conduct described in the Complaint. *Id.* ¶¶ 26, 47. Finally, Plaintiff alleges that Marriott conspired with and aided and abetted defendant Combs in committing the unlawful sexual violence against Plaintiff described in the Complaint, specifically by serving as "vehicles for Combs to commit said sexual violence by and through use of Marriott's premise(s), hotel staff and employees and by profiting from such activities committed by Combs." *Id.* ¶¶ 29, 47. Among other things, hotel staff presumably would have noticed the presence of a large party with many people coming and going from a suite, and that many of those people would leave intoxicated or disoriented. ¶ 47.

## STANDARD OF REVIEW

Under Rule 8, a complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, U.S. App. LEXIS 12600, *5 (2d Cir. Jun. 13, 2008). Therefore, in considering Defendant's motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Rolon v.*

*Henneman*, 517 F.3d 140, 142 (2d Cir. 2008). Further, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Leavitt v. Bear Sterns & Co.*, 340 F.3d 94, 101 (2d Cir. 2007).

## ARGUMENT

Marriott makes two general arguments in its Motion. First, Marriott asserts that Ms. McCrary cannot state a claim under Rule 12(b)(6) because the VGMVPL does not apply retroactively to Marriott's conduct in 2004. Second, Marriott argues that Ms. McCrary has not pleaded sufficient facts under Rule 8(a) to give Marriott adequate notice of her claim. Neither of these arguments is sufficient to justify dismissing Ms. McCrary's claims.

**A. Consistent With Its Purpose, the VGMVPL Should Be Applied Retroactively to Marriott**

The VGMVPL establishes a private right of action and a civil remedy for victims of gender violence, such as domestic violence and rape. Section 10-1102 of the VGMVPL declares the intent to fill the "void" left by the Supreme Court by providing a broad, private right of action and remedies to redress injuries resulting from gender-motivated violence. N.Y.C. Admin Code § 10-1103. The predicate for invoking the act is the commission of a "crime of violence motivated by gender" as defined in Section 10-1103. The crime must have been committed because of gender and due, at least in part, to an animus based on the victim's gender. The Appellate Division, First Department has recently held that allegations of rape or sexual assault are in and of themselves "sufficient to allege animus on the basis of gender" under the VGMVPL. *See Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dept 2019). "Without consent, [sexual assault is] a violation of the victim's bodily autonomy and an expression of the perpetrator's contempt for that autonomy. Coerced

5

sexual activity is dehumanizing and fear-inducing. Malice or ill will based on gender is apparent from the alleged commission of the act itself." *Id.*

Marriott observes that as originally enacted, the VGMVPL provided a cause of action against an "individual" who "commits" a crime of violence motivated by gender. In 2022, section 10-1104 was amended to provide that "any person claiming to be injured by a *party* who commits, *directs, enables, or participates in, or conspires* in the commission of a crime of violence motivated by gender has a cause of action against such party." N.Y.C. Admin Code § 10-1103. Therefore, the VGMVPL clearly provides for a cause of action against not just individual perpetrators, but also any entity that is alleged to have facilitated the gender-based crime.

Notwithstanding this expansion of the VGMVPL's scope, Marriott argues that the VGMVPL cannot apply retroactively against corporate defendants, and that Ms. McCrary's claims for an assault that occurred in 2004 should be dismissed. In support of its argument, Marriott relies almost exclusively on *Doe v. Combs*, 23-cv-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024), wherein the Court held that 2022 amendment to the VGMVPL, which expanded the scope of liability to apply to any "party," cannot be applied retroactively against corporate defendants because the original VGMVPL applied only to any "individual." *See* Motion at 6-10.

However, neither the Second Circuit nor the New York Court of Appeals has endorsed this reading of the VGMVPL. Marriott makes the bold claim that "Regardless of whether the Second Circuit or the New York State Court of Appeals has endorsed the conclusion reached by the *Combs* Court, the law dictates that this is the correct application of the 2022 Amendment." Motion at 7 n.4. But just because Marriott endorses the *Combs* Court's view does not mean that the two relevant appellate courts will also agree. It rather does matter how these courts interpret and apply the Amendment, and at this time that is entirely unclear.

6

As originally enacted, the VGMVPL provided victims of gender-motivated crimes of violence with a cause of action against only the individual who perpetrated the crime. (See NYC Municipal Code Title 10, Chapter 11, §10-1104, eff. Dec. 19, 2000.) Effective January 2022, the City Council amended §10-1104 to provide "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motived by gender has a cause of action against such party." (§10-1104, eff. Jan. 9, 2022.) In the same enactment, the City Council also amended §10-1105, entitled "Limitations," to provide: "any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitations has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." The 2022 amendment created a two-year lookback window for survivors of gender-motivated violence to file lawsuits, regardless of when the assaults occurred. Taken together, the two amendments (1) expanded liability to non-perpetrator defendants where no liability had previously existed and (2) revived causes of action brought under the statute whose limitations period had already expired.

Marriott's argument is contrary to the VGMVPL's primary intention: to make it easier, not harder, for victims of gender-motivated violence to seek civil remedies in court. New York City passed the VGMVPL "[i]n light of the void left by the Supreme Court's decision" in *United States v. Morrison*. N.Y.C. Admin. Code § 8-902. *Morrison* struck down the federal right of action for victims of gender-motivated violence under the Violence Against Women Act (VAWA) (42 U.S.C. § 13981), holding that Congress lacked the authority to enact it. 529 U.S. 598, 627 (2000).

"It is fundamental that in interpreting a statute, the court should attempt to effectuate the intent of the Legislature." *Cadiz-Jones v. Zambretti*, 2002 N.Y. Slip Op. 30135, 4, 2002 WL

7

34697795, at *1 (Sup. Ct. NY. Cnty. Apr. 9, 2002) (holding VGMVPL was intended to apply retroactively) (citing *Patrolmen's Benevolent Assn. v City of New York*, 41 N.Y.2d 205, 208 (1976)). The Council intended the VGMVPL to make it easier for victims of gender-motivated violence to seek court remedies. *Id.* It intended the same when it passed the 2022 amendment to the law. *See, e.g., City Council H'rg Testimony* (Nov. 29, 2021) at 41 (testimony in support of act's passage describing sexual abuse in 1993); Hr'g Tr. (Nov. 29, 2021) at 129–30 ("there is no timeline on processing trauma," 131 ("a victim doesn't have a set time for when they can come forward. . . . allow the window for justice to be pursued by all victims of gender-motivated violence." Based on "an analysis of statutory text and history" it is clear that "the legislative body intended [the VGMVPL] to apply retroactively." *Cadiz-Jones*, 2002 WL 34697795, at *1.1. Furthermore, "remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose." *In the Matter of Gleason*, 96 N.Y.2d 117, 122 (N.Y. 2001). The VGMVPL should apply retroactively here, consistent with the intent and purpose of the Legislature.

### B. Plaintiff Has Met a Rule 8 Pleading Standard

Marriott claims that Ms. McCrary has failed to meet Rule 8's notice pleading standard sufficient to put Marriott on notice of the claims against it. As its primary example, it claims that Ms. McCrary "does not even identify at which Marriott hotel the alleged incident took place," alleging only that she was taken to a "Manhattan-area Marriott." Motion at 12. Marriott wants to know the precise hotel now, at the pleading stage, so as to determine or confirm details such as (1) whether Combs stayed at the hotel at the time, (2) whether the hotel at a location was in fact a Marriott hotel at the time, and (3) whether Marriott's corporate office, a franchisee, or a third party managed the subject hotel. Motion at 12-13. But none of these are Rule 8 issues. Ms. McCrary

8

is not under an obligation to so specifically identify a branded property so that Marriott can determine if a franchisee ran it. These are discovery issues.

"Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is not meant to impose a great burden upon a plaintiff." *See Iconix Brand Grp., Inc. v. Bongo Apparel, Inc.*, No. 06 Civ. 8195, 2008 WL 2695090, at *3 (S.D.N.Y. July 8, 2008). Moreover, it "does not required 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 merely demands more than "naked assertion[s]" and "unadorned, the-defendant-unlawfully-harmed-me accusations." *Id*.

Plaintiff McCrary has alleged facts indicating that Marriott enabled Combs to commit the assault alleged in the Complaint by, among other things, making a suite available to Combs and his entourage. Plaintiff alleges that defendant Marriott's management was "well aware" of Combs and his activities, but that management and other personnel "looked the other way" rather than intervene in situations like those described in the Complaint. *Id.* ¶¶ 26, 47. Among other things, hotel staff presumably would have noticed the presence of a large party with many people coming and going from a suite, and that many of those people would leave intoxicated or disoriented. ¶ 47. There are a host of plausible inferences one can draw from Plaintiff's allegations as to Marriott's enablement of Combs' conduct – inferences that Ms. McCrary is entitled to explore through discovery.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court deny defendant Marriott's Motion to Dismiss.

Dated: March 18, 2025                    Respectfully submitted,

**CURIS LAW, PLLC**

By: */s/ Antigone Curis*
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

*Attorneys for Plaintiff Candice McCrary*

- AND -

**THE BUZBEE LAW FIRM**
Anthony G. Buzbee (*pro hac vice pending)*
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
Texas Bar No. 24053318
cleavitt@txattorneys.com
Ryan S. Pigg
Texas Bar No. 24088227
rpigg@txattorneys.com
David C. Fortney
Texas Bar No. 24068740
dfortney@txattorneys.com
Colby Holler
Texas Bar No. 24126898
choller@txattorneys.com
Crystal Del Toro
Texas Bar No. 24090070
cdeltoro@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

- AND -

**AVA LAW GROUP**
Andrew Van Arsdale

CA Bar No. 323370
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667