UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

CANDICE MCCRARY,

                              Plaintiff,

        – against –

SEAN COMBS, DADDY'S HOUSE RECORDINGS
INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC., BAD BOY
BOOKS HOLDINGS, INC., BAD BOY RECORDS
LLC, BAD BOY ENTERNTAINMENT LLC, BAD
BOY PRODUCTIONS LLC, MARRIOTT
INTERNATIONAL, INC. and ORGANIZATIONAL
DOES 1-10,

                         Defendants.

------------------------------------------------------------------ X

: Civ. No. 1:24-cv-08054-MKV
: **Hon. Mary K. Vyskocil**
:
: **ORAL ARGUMENT**
: **REQUESTED**

## DEFENDANT MARRIOTT INTERNATIONAL, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT

**DLA PIPER LLP (US)**
Neal Kronley
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 335-4500
Email: neal.kronley@us.dlapiper.com

Michael P. O'Day (admitted *pro hac vice*)
Ellen E. Dew (admitted *pro hac vice*)
650 S. Exeter St., Suite 1100
Baltimore, Maryland 21202
Phone: (410) 580-3000
Email: michael.oday@us.dlapiper.com
       ellen.dew@us.dlapiper.com

Defendant Marriott International, Inc. ("Marriott"), by and through its undersigned attorneys, respectfully submits this reply memorandum of law in further support of its Motion to Dismiss Plaintiff Candice McCrary's ("Plaintiff") Complaint ([ECF No. 23], "Complaint") in its entirety, with prejudice, because it lacks sufficient factual allegations and fails to state a plausible claim against Marriott.[1]

## I.    INTRODUCTION

As explained in Marriott's Memo of Law, Marriott is not a proper target of this lawsuit. The acts of sexual violence allegedly committed by Combs occurred in 2004 in violation of the Victims of Gender-Motivated Violence Protection Law ("VGMVPL").  Plaintiff and Marriott both agree that when the VGMVPL was enacted in 2000, it did not provide a remedy against corporate defendants, as the language of the statute only permitted claims against *individuals*.  The arguments raised by Plaintiff in the Opposition are unavailing and fail to overcome the presumption against retroactivity.  This Court should not rewrite the VGMVPL to include retroactivity where the statute's text and legislative history does not mention or otherwise discuss it. If this Court were to allow Plaintiff's claims to proceed under the 2022 Amendment, it would unfairly prejudice Marriott by holding it liable under a law that *did not exist* at the time the alleged conduct occurred.  This is exactly why the presumption against retroactivity applies here and necessitates that Plaintiff's claims against Marriott must be dismissed with prejudice.

Second, Plaintiff's own sparse arguments about the sufficiency of her allegations against Marriott prove Marriott's point that the Complaint fails to comply with Rule 8, as all Plaintiff makes are "naked assertions."  Plaintiff focuses almost two pages of her Opposition on activity

---

[1] Any terms not defined herein have the definition ascribed to them in Marriott's *Memorandum of Law in Support of the Motion to Dismiss the Complaint* [ECF No. 60, "Marriott's Memo of Law"].

that relates to Combs actions that allegedly occurred exclusively within a suite at an unidentified "Manhattan area Marriott Hotel." Yet those two pages fail to provide any nonconclusory allegations that would state a plausible cause of action against Marriott. *See* Opp. at 3-4. These "threadbare recitals" do not state a claim under Rule 12(b)(6).

For these reasons and the reasons set forth in Marriott's Memo of Law, the Complaint fails to state a claim under the VGMVPL and must be dismissed with prejudice.

## II.    THE VGMVPL 2022 AMENDMENT DOES NOT APPLY RETROACTIVELY TO MARRIOTT'S ALLEGED CONDUCT

Contrary to Plaintiff's arguments, the legislative history and relevant caselaw does not support retroactive application of the VGMVPL's 2022 Amendment. As an initial matter, Plaintiff contends that because neither the Second Circuit nor the New York Court of Appeals has weighed in on the retroactive applicability of the VGMVPL, this Court should not apply the same holding as *Doe v. Combs*, 2024 WL 4987044, at *1 (S.D.N.Y. Dec. 5, 2024) ("*Doe v. Combs*"). However, Plaintiff fails to provide any explanation as to why the Court's conclusion in *Doe v. Combs* is incorrect. At this time, *Doe v. Combs* is precedent in this Court, is directly on point, and is consistent with all other judicial determinations concerning the presumption against the retroactive application of the 2022 Amendment to the VGMVPL.

Plaintiff's arguments in the Opposition reflect a fundamental misunderstanding of the concept of retroactivity under New York law. Although the 2022 Amendment may, as Plaintiff contends, "make it easier not harder" for victims to seek civil remedies, the language of the 2022 Amendment does not address retroactivity and Plaintiff fails to cite any legislative history that shows an intent to create a retroactive application of the VGMVPL. Plaintiff only argues that the "two amendments (1) expanded liability to non-perpetrator defendants where no liability had

previously existed and (2) revived causes of action brought under the statute whose limitations period had already expired."  Opp. at 7.

New York courts disfavor retroactive application and require that statutory language must expressly impose retroactive application.  *See E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*, 118 F.4th 488, 495 (2d Cir. 2024) (quoting *In re Gleason (Michael Vee, Ltd.)*, 749 N.E.2d 724, 726 (N.Y. 2001)).  Whether a law may be applied to conduct that occurred before the law was enacted is the substance of any retroactivity analysis.  When deciding whether the presumption against retroactivity applies, a court must determine whether the legislature "'expressly prescribed' that a statute applies retroactively to antecedent conduct" and, if not, the Court then looks to "whether applying the statute to antecedent conduct would create presumptively impermissible retroactive effects."  *Weingarten v. United States*, 865 F.3d 48, 54-55 (2d Cir. 2017) (internal citations omitted).

In support of her claim that the VGMVPL should apply retroactively to corporations, Plaintiff concedes that the statutory text does not address retroactivity and therefore the Court should look to the legislative history. This is precisely the careful analysis performed by Judge Clarke in *Doe v. Combs*.  *Combs*, 2024 WL 4987044, at *3-4.  Based on that analysis, the *Combs* Court concluded: "Plaintiff did not point to, and the Court has not found, any pronouncements in the legislative history regarding retroactive effect."  *Id*. at *4. Indeed, Plaintiff's arguments about the legislative history further supports the *Combs* Court's conclusion.  The isolated snippets of testimony before the City Council cited by Plaintiff relate solely to the two-year look back window and nothing more.  *See City Council H'rg Testimony.* (Nov. 9, 2021) at 41; *City Council H'rg Tr.*

(Nov. 9, 2021) at 127-30.[2]  Nothing in that testimony proposes to provide for the retroactive application of the 2022 Amendment. The *Combs* Court correctly concluded that there are not "any pronouncements in the legislative history regarding retroactive effect." *Combs*, 2024 WL 4987044, at *4. Plaintiff has cited nothing in this case to alter that conclusion.

Plaintiff relies on *Cadiz-Jones v. Zambretti*, 2002 WL 34697795 (2002 N.Y. Sup. Ct. Apr. 9, 2002), to argue that the legislature intended the 2022 Amendment to be retroactive.  However, Plaintiff's reliance on *Cadiz* misstates the court's conclusion, as it was focused on completely different circumstances.  The *Cadiz* case was "carefully tailored to the circumstances presented, involving a pending claim brought under the federal [Violence Against Women Act ("VAWA")], within one year of the alleged acts of gender-motivated violence."  *Louis v. Niederhoffer*, 2023 WL 8777015, at *1 n.2 (S.D.N.Y. Dec. 19, 2023) (internal citations omitted) (discussing *Cadiz-Jones*, 2002 WL 34697795).  The *Cadiz* Court held only that the VGMVPL could apply retroactively to cover the claims that were pending when the VAWA was struck down. That is not the case here, which the *Cadiz* Court observed: "the extent to which the law should be applied to claims that were not pending when the VAWA was struck down [in 2000] is another matter."  *Id*. (citing *Cadiz-Jones*, 2002 WL 34697795) (internal citations omitted).  Any application of the holding in the *Cadiz* case is inappropriate in this case.

Plaintiff next argues that the VGMPVL was "remedial" and "should be given retroactive effect" based on the case *In re Gleason*.  *See* Opp. at 8.  This is the exact argument raised in *Doe v. Combs* and rejected by Judge Clarke. *See Combs*, 2024 WL 4987044, at *4 ("Nor has the Court

---

[2] Plaintiff did not provide a link or attach copies of these sources to the Opposition. Marriott is assuming that the referenced testimony is the testimony available on the New York City Council's website at https://legistar.council.nyc.gov/LegislationDetail.aspx?ID=5072017&GUID=BA4C2A62-23E0-4AB2-B3A1-AC18F53C9993.

seen any references as to whether the 2022 VGMVPL was designed to rewrite an unintended judicial interpretation"). A statute can be viewed as remedial if the legislature passed the statute with a "sense of immediacy" and "the legislative history establishes that the purpose of the amendment was to clarify what the law was always meant to do and say." *In re Gleason*, 749 N.E.2d at 726-27. There is absolutely no evidence that the 2022 Amendment, which was enacted twenty-two years after the statute's original enactment, was done with any sense of urgency. As a result, the 2022 Amendment does not have retroactive application as a "remedial" law.

The Opposition makes no meaningful attempt to address Marriott's arguments regarding the two-year look back provision. As supported by the case law in this district, section 10-1105's two-year look back provision also does not support retroactivity of the VGMVPL. This two-year look back window is a claim revival provision for limitations purposes only. A claim-revival provision can only revive a claim if the statute of limitations has run and the claim could have been brought by the Plaintiff at the time the allegations arose. The court explained this principle in the case *Bensky v. Indyke*, 743 F. Supp. 3d 586 (S.D.N.Y. 2024), noting that "reviving a time-barred claim is not the same as making new substantive obligations retroactive." 743 F. Supp. 3d at 600.

Here, Plaintiff's claim against Marriott is based on alleged conduct that occurred in 2004, eighteen years before the VGMVPL was amended. This is not a claim that could be revived by extending the statute of limitations because there was no cause of action to bring back in 2004. A party cannot revive a claim that never existed. As the *Combs* Court correctly held, there is "nothing in the text or legislative history that overcomes the presumption against retroactivity." *Combs*, 2024 WL 4987044, at *4. Because the VGMVPL does not apply retroactively, Plaintiff's claim against Marriott is barred under the appropriate New York law and must be dismissed.

### III.    PLAINTIFF'S ALLEGATIONS AGAINST MARRIOTT FAIL TO SATISFY THE NOTICE PLEADING REQUIREMENTS OF RULE 8(a), ARE CONCLUSORY, AND FAIL TO STATE A CLAIM AGAINST MARRIOTT UNDER RULE 12(b)(6)

The Complaint fails to allege any well-pleaded allegation indicating how Marriott allegedly violated the VGMVPL, and the Opposition fails to distinguish any of the case law cited in Marriott's Memo of Law or provide any support for Plaintiff's claims.  Plaintiff's vague references to Marriott do not provide the required fair notice under Rule 8(a) of the claim brought against Marriott so that it can answer and prepare for trial.  *See Lama v. Meta Platforms, Inc.*, 732 F. Supp. 3d 214, 218 (N.D.N.Y. 2024) ("The Supreme Court has explained that such *fair notice* has the important purpose of 'enabl[ing] the adverse party to answer and prepare for trial' and 'facilitat[ing] a proper decision on the merits' by the court" (citation omitted)).

Not only does Plaintiff fail to identify at which of the numerous Manhattan area Marriott branded hotels the alleged violence occurred, but Plaintiff also fails to allege any facts supporting the notion that Marriott violated the VGMVPL in order to state a plausible claim under Rule 12(b)(6).  In contrast, Plaintiff makes detailed allegations against Defendant Combs.  Opp. at 2. Plaintiff focuses almost two pages of her Opposition on conclusory allegations that allegedly occurred exclusively within a suite at a "Manhattan area Marriott Hotel."  *Id*. at 3-4.  However, none of those allegations involve Marriott in any way.  To the contrary, the only allegations against Marriott are conclusory or vague.  Plaintiff tries to connect Marriott to Combs' alleged conduct by asserting that "There can be no doubt that Combs and his conduct was well known; he routinely had large parties at hotel venues."  Compl. ¶ 47.  Plaintiff alleges only, in a completely conclusory nature, that management was "well aware" of Combs and "looked the other way."  Opp. at 9.  But an assertion that *Combs'* conduct was well known in general is insufficient to state a claim against *Marriott*.

Plaintiff further argues that "hotel staff *presumably would have* noticed the presence of a large party coming and going from a suite[.]" *Id*. (emphasis added). This allegation, just like every other allegation Plaintiff makes against Marriott, is conclusory. Even if the hotel staff knew of the party, knowledge of "large parties at hotel venues" is plainly not the same thing as knowledge of violent sexual assault. Without more, all Plaintiff has alleged is that Marriott provided hotel accommodations at an unidentified location to Combs, which alone cannot be considered a plausible claim for liability under the VGMVPL. These allegations fail to state a claim for which relief could be granted as required by Rule 12(b)(6) and thus, the claims against Marriott must be dismissed.

## IV.    CONCLUSION

For all the foregoing reasons and those set forth in Marriott's Memo of Law, Marriott respectfully requests that the Court grant an order dismissing the Complaint with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: March 25, 2025
New York, New York

Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Neal Kronley*

Neal Kronley
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 335-4500
Email: neal.kronley@us.dlapiper.com

and

Michael P. O'Day (admitted *pro hac vice*)
Ellen E. Dew (admitted *pro hac vice*)
650 S. Exeter St., Suite 1100
Baltimore, Maryland 21202
Phone: (410) 580-3000
Email: michael.oday@us.dlapiper.com
        ellen.dew@us.dlapiper.com

*Counsel for Defendant Marriott International, Inc.*

## CERTIFICATION OF COMPLIANCE

The undersigned counsel for Defendant Marriott International, Inc., certifies that the foregoing brief complies with the 3,500-word limit set forth in the Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York. The foregoing brief contains 2,060 words, excluding those portions of the brief excluded from the count pursuant to Rule 7.1(c), according to the Word Count feature on Microsoft Word.

By: */s/ Neal Kronley*
Neal Kronley