UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| CANDICE MCCRARY, | : |
|                      Plaintiff, | : |
| v. | :   Case No. 24-CV-08054-MKV |
| SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, MARRIOTT INTERNATIONAL, INC. and ORGANIZATIONAL DOES 1-10, | :   **ORAL ARGUMENT REQUESTED** |
|                      Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS THE COMPLAINT AGAINST
THE COMBS DEFENDANTS**

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC*

i

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.   PLAINTIFF'S GMVL CLAIM IS UNTIMELY BECAUSE STATE LAW PREEMPTS THE GMVL'S REVIVAL PROVISION ................................................. 2

II.  THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT ................................................. 3

III. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY ................................................................................................ 6

IV.  THE GMVL CLAIM MUST FAIL AS AGAINST THE TWO COMPANY DEFENDANTS THAT DID NOT EXIST IN 2004 ......................................................... 7

CONCLUSION ...................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*105 Mt. Kisco Assocs. LLC v. Carozza*,
 2017 WL 1194700 (S.D.N.Y. Mar. 30, 2017) ................................................................................ 8

*Adams v. Jenkins*,
 2005 WL 6584554 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) .......................................................... 3, 4

*Bensky v. Indyke*,
 2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024) ................................................................................ 3

*Bridgewater v. Taylor*,
 745 F. Supp. 2d 355 (S.D.N.Y. 2010) .......................................................................................... 7

*Bussey v. Phillips*,
 419 F. Supp. 2d 569 (S.D.N.Y. 2006) .......................................................................................... 7

*Cadiz-Jones v. Zambretti*,
 2002 WL 34697795 (Sup. Ct. N.Y. Cnty. 2002) ..................................................................... 3, 4

*Cargo Partner AG v. Albatrans Inc.*,
 207 F. Supp. 2d 86 (S.D.N.Y. 2002) ............................................................................................ 9

*Delgado v. Donald J. Trump for President, Inc.*, No. 952333/2023 (Sup. Ct. N.Y. Cnty.
 Jan. 31, 2025) ............................................................................................................................... 3

*Doe v. Black*,
 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024) ............................................................................. 2

*Doe v. Combs*,
 No. 23-CV-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024) ........................... 3, 4, 7

*Doe v. the Lee Strasberg Theatre & Film Institute*,
 2023 WL 8895417 (Sup. Ct. N.Y. Cnty. Dec. 21, 2023) ............................................................. 3

*E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*,
 118 F.4th 488 (2d Cir. 2024) ....................................................................................................... 5

*Gottwald v. Sebert*,
 40 N.Y.3d 240 (2023) .................................................................................................................. 5

*Greer v. Fox Corp.*,
 2022 WL 4093155 (S.D.N.Y. Sept. 7, 2022) ............................................................................... 7

*Gross v. Weber*,
 186 F.3d 1089 (8th Cir. 1999) ..................................................................................................... 4

*JL v. The Rockefeller University*,
  2023 WL 3757389 (Sup. Ct. N.Y. Cnty. May 25, 2023) .......................................................... 3

*Landgraf v. USI Film Prods.*,
  511 U.S. 244 (1994) ............................................................................................................... 5

*Louis v. Niederhoffer*,
  2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) ............................................................... 3, 4, 5

*New York v. Nat'l Serv. Indus., Inc.*,
  460 F.3d 201 (2d Cir. 2006) ................................................................................................... 8

*New York v. Town of Clarkstown*,
  95 F. Supp. 3d 660 (S.D.N.Y. 2015) ...................................................................................... 8

*O'Rear v. Diaz*,
  2025 WL 283169 (S.D.N.Y. Jan. 23, 2025) ....................................................................... 6, 7

*Parker v. Alexander*,
  2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ....................................................................... 1, 2

*Podany v. Robertson Stephens, Inc.*,
  350 F. Supp. 2d 375 (S.D.N.Y. 2004) .................................................................................... 7

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
  35 N.Y.3d 332 (2020) ............................................................................................................ 5

*United States v. Morrison*,
  529 U.S. 598 (2000) ............................................................................................................... 4

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................... 7

**Other Authorities**

N.Y.C. Admin. Code § 10-1104 .................................................................................................... 6

iii

This reply memorandum of law is respectfully submitted on behalf of the Combs Defendants[1] in further support of their motion to dismiss the Complaint.

### PRELIMINARY STATEMENT

As demonstrated in the Combs Defendants' initial brief, Plaintiff's sole claim under the GMVL fails as a matter of law. Plaintiff's efforts in her opposition brief (ECF #85, "Opposition" or "Opp.") to refute these arguments entirely fail.

Plaintiff's GMVL claim fails because it is time-barred. The GMVL's two-year revival window—the sole basis on which Plaintiff's claim could be timely—is preempted by the ASA and CVA, as thoroughly and convincingly explained in *Parker v. Alexander,* 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025).

Plaintiff's claims against the Company Defendants necessarily fail because the GMVL only applied to natural persons, not entities, until it was amended in 2022, and it cannot be applied retroactively to Plaintiff's alleged assault in 2004. The unanimous case law addressing this specific question, as well as the general legal presumption against retroactivity, both compel this conclusion.

Finally, Plaintiff's claims against the Company Defendants independently fail because no basis for liability against them has been pled. The mere allegation that Plaintiff attended a photoshoot relating to a Bad Boy artist before she was allegedly assaulted by Mr. Combs at a different location does not demonstrate the type of active involvement in a crime of violence necessary to sustain a GMVL claim against the Company Defendants.

---

[1] Abbreviations defined in the initial moving brief (ECF #57, "MOL") are used again herein.

**ARGUMENT**

I. **PLAINTIFF'S GMVL CLAIM IS UNTIMELY BECAUSE STATE LAW PREEMPTS THE GMVL'S REVIVAL PROVISION**

Plaintiff's GMVL claim fails because its timeliness depends on the GMVL's revival window, which has been held to be preempted by state law. *See* MOL § I.

Plaintiff points to the decision by Judge Clarke in *Doe v. Black*, 2024 WL 4335453, (S.D.N.Y. Sept. 27, 2024) as her sole counterargument. However, Judge Clarke's reasoning should not control here for the three reasons articulated by Judge Kaplan in *Parker v. Alexander,* 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025).

First, Judge Clarke's decisions did not consider the ASA, instead focusing solely on the CVA "in isolation." *Parker*, 2025 WL 268436, at *4. However, when viewed together, the ASA and CSA clearly "constitute a comprehensive and detailed scheme" governing civil claim revival for sexual offenses. *Id*.

Second, Judge Clarke focused on the purported lack of complexity of the CVA, but the dispositive question is not whether the laws are complex, but whether they "occupy the entirety of their respective fields due to the breadth of their application." *Id*. Accordingly, it does not matter whether other legislative schemes involve a more complex regulatory apparatus. *Id*. It suffices that the CVA and ASA contain all "necessary details," which they do by "lay[ing] out precisely the claims to which they apply and the exact start and end dates for their respective revival windows." *Id*.

Third, Judge Clarke "did not address the plain language of the CVA and ASA, both of which apply *'[n]otwithstanding any provision of law* which imposes a period of limitation to the contrary.'" *Id*. (citing CPLR §§ 214-g, 214-j) (emphasis added). This statutory language expresses the legislature's clear intent that the CVA and ASA exclusively govern the limitations period for

2

claims falling within their purview.²

## II. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT

The Court should dismiss the claims against the Company Defendants because the GMVL did not provide for claims against companies at the time of the alleged assault in 2004. All courts addressing the issue have unanimously found that the GMVL does not apply retroactively to company conduct pre-dating 2022, when the GMVL was first amended to expand liability beyond the individual perpetrator. *See Doe v. Combs*, 2024 WL 4987044, at \*2; *Bensky v. Indyke*, 2024 WL 3676819, at \*10 (S.D.N.Y. Aug. 5, 2024); *Delgado v. Donald J. Trump for President, Inc.*, No. 952333/2023, Dkt. #129 at 4 (Sup. Ct. N.Y. Cnty. Jan. 31, 2025). This is consistent with related (and also unanimous) holdings that the GMVL as a whole cannot be retroactively applied to claims predating its original enactment in 2000.³

Plaintiff relies in vain on a single trial court case, *Cadiz-Jones v. Zambretti*, 2002 WL 34697795 (Sup. Ct. N.Y. Cnty. 2002), but this case did not find that the GMVL applies retroactively. *Cadiz-Jones* only found that a GMVL claim could be substituted for a timely claim made under the federal Violence Against Women Act ("VAWA"), after the VAWA statute was stricken by the Supreme Court and the GMVL was passed to "fill the gap" left by its obsolescence. *See Cadiz-Jones*, 2002 WL 34697795 (citing *United States v. Morrison*, 529 U.S. 598 (2000)).

---

² This GMVL preemption issue is currently before the Second Circuit on appeals from the *Parker* and *Black* decisions, which have been ordered to proceed in tandem. *See Parker v. Alexander*, No. 25-487 (2d Cir.); *Doe v. Black*, 25-564 (2d Cir.). While the Court may, and in our view should, adopt *Parker*'s reasoning and dismiss Plaintiff's GMVL claim as time-barred, the parties previously filed a joint letter respectfully submitting that staying this case until those appeals have been decided would be an appropriate conservation of judicial resources. *See* ECF #86.

³ See *Louis v. Niederhoffer*, No. 23-cv-6470 (LTS), 2023 WL 8777015, at \*1–2 (S.D.N.Y. Dec. 19, 2023) (holding that the GMVL could not be applied retroactively to conduct pre-dating its enactment); *Doe v. the Lee Strasberg Theatre & Film Institute*, 2023 WL 8895417, \*2 (Sup. Ct. N.Y. Cnty. Dec. 21, 2023) (similar); *JL v. The Rockefeller University*, 2023 WL 3757389, \*6 (Sup. Ct. N.Y. Cnty. May 25, 2023) (similar); *Adams v. Jenkins*, No. 115745/03, 2005 WL 6584554, at \*3 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) (same).

3

Thus, *Cadiz-Jones* skirted the issue of the GMVL's retroactivity, expressly exempting from its narrow holding whether the GMVL "should be applied to claims that were not pending when the VAWA was struck down." *Cadiz-Jones*, 2002 WL 34697795, at *7; *see also Adams v. Jenkins*, 2005 WL 6584554, at *7 (Sup. Ct. N.Y. Cnty. 2005) (holding that *Cadiz-Jones* "is carefully tailored to the circumstances presented and consistent with [nonretroactivity], since in that case application of [the GMVL] . . . did not result in increasing [defendant's] liability for past conduct."); *Louis v. Niederhoffer*, 2023 WL 8777015, at *2 n.2 (S.D.N.Y. Dec. 19, 2023) (*Cadiz-Jones* "is not instructive" on retroactivity for the reason articulated in *Adams*).

Because her position is contradicted by the GMVL's text and the case law interpreting it, Plaintiff attempts to rely on legislative history, but this does not support her position either. As Judge Clarke correctly concluded after reviewing the GMVL's legislative history: "Plaintiff did not point to, and the Court has not found, any pronouncements in the legislative history [of the GMVL] regarding retroactive effect." *Doe v. Combs*, 2024 WL 4987044 at *4 (rejecting retroactive application of GMVL). If anything, Plaintiff's citations to the legislative history further support this conclusion. The isolated snippets of testimony that Plaintiff cites neither discuss nor imply any intention for the statute to apply retroactively. *See* Opp. at 7. Thus, Judge Clarke correctly found that there are not "any pronouncements in the legislative history regarding retroactive effect," and Plaintiff has not refuted that conclusion. *Combs*, 2024 WL 4987044 at *4.

Plaintiff also refers to legislative history stating that the GMVL was passed as a substitute for VAWA. But this does not support Plaintiff's argument. VAWA, like the GMVL, did not apply retroactively. *See Gross v. Weber*, 186 F.3d 1089, 1091 (8th Cir. 1999). And VAWA did not create a cause of action against anyone other than the perpetrator who directly "commits" the crime of violence. *See United States v. Morrison*, 529 U.S. 598, 605 (2000) ("A person . . . who commits

4

a crime of violence motivated by gender . . . shall be liable to the party injured . . .") (quoting VAWA's operative provision at 42 U.S.C. § 13981(c)).  Thus, the GMVL's historical ties to VAWA cannot be invoked to support broad retroactive liability against a class of defendants that VAWA never even included.

Finally, in the absence of any supportive authority, Plaintiff argues that all of the other courts have gotten this issue wrong on policy grounds.  Plaintiff argues that the GMVL's 2022 amendment was intended "to make it easier . . . not . . . harder" for victims to seek remedies in Court, and therefore should be applied retroactively.  Opp. at 7.  This is a non-sequitur.  The GMVL's 2022 amendment does make it "easier" for plaintiffs to sue by expanding prospective liability to companies, and it further attempts to create a revival window.[4]  It does not follow that the normal rules prohibiting retroactivity should be suspended to allow claims that did not exist at the time of the alleged conduct.  See Niederhoffer, 2023 WL 8777015, at *1 ("The fact that the GMV Law was amended in 2022—to reopen the statute of limitations for GMV Law claims for a two-year period . . .  does not alter this conclusion [that the GMVL is not retroactive].").

Furthermore, the clearest policy consideration here cuts against retroactivity: the strong presumption that retroactivity is disfavored and should only be applied where clearly indicated by the legislature.  See Landgraf v. USI Film Prods., 511 U.S. 244, 265 (1994) ("the presumption against retroactive legislation is deeply rooted in our jurisprudence"); Gottwald v. Sebert, 40 N.Y.3d 240, 258 (2023) ("statutes will not be given such [retroactive] construction unless the language expressly or by necessary implication requires it"); E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n, 118 F.4th 488, 495 (2d Cir. 2024) (same); Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal, 35 N.Y.3d 332, 370 (2020) ("[i]t takes a clear expression of the

---

[4] The GMVL's revival window is preempted by state law.  See MOL § III; supra § I.  But even if it were not, it still does not purport to create claims pre-dating the GMVL's enactment.

5

legislative purpose . . . to justify a retroactive application").

### III. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY

The Complaint fails to allege liability against the Company Defendants, which can only be imposed on a party that "commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104.

Plaintiff incorrectly argues that the Company Defendants can be subject to liability because of a tangential connection to the alleged incident. Specifically, Plaintiff allegedly attended a photoshoot of an artist affiliated with the Bad Boy record label, after which she was invited by Mr. Combs to a Marriott hotel where she was allegedly assaulted. AC ¶ 35. No facts are alleged supporting an inference that the Company Defendants knew of, intended, or condoned Mr. Combs' alleged misconduct against Plaintiff at the hotel. The mere allegation that Plaintiff attended an event relating to the Company Defendants before she was assaulted at a different location does not show the type of active participation required to support liability under the GMVL. *See, e.g., O'Rear v. Diaz*, 2025 WL 283169, at *9 (S.D.N.Y. Jan. 23, 2025) (dismissing GMVL claim against employer based on employee's alleged rape of another employee at the office following a company event because the employer "[did not have] foreknowledge of the crime" and "did not facilitate it").

Plaintiff's other allegations are similarly insufficient to support a claim that the Company Defendants "enabled" her alleged assault. Plaintiff alleges that an unidentified "member of Combs' entourage" took her to the hotel. AC ¶ 35. She does not allege that this person was affiliated with any Company Defendant, nor that he knew or intended that anything improper would happen to her at the hotel. Plaintiff also alleges that, at the hotel, an unidentified man that she believed to be a security guard escorted her to the bedroom where the alleged assault occurred.

6

*Id*. ¶ 36. Plaintiff does not allege that this person was affiliated with any Company Defendant, as opposed to being personal security for Mr. Combs. *Id*. Nor does she allege that he knew or intended that Plaintiff was going to be involved in nonconsensual sexual activity. In the absence of any indication that these individuals were acting on behalf of the Company Defendants, or that they knew or intended that they were furthering a crime of violence, these allegations do not support a GMVL claim against the Company Defendants. *See O'Rear*, 2025 WL 283169, at *9.

Plaintiff makes the last-ditch argument that she should be permitted to conduct discovery to hunt for some connection between her alleged assault and the Company Defendants. Opp. at 10. This argument fails. "A plaintiff does not have a right to engage in early discovery in order to bolster his arguments at the motion to dismiss stage." *Greer v. Fox Corp.*, 2022 WL 4093155, at *6 (S.D.N.Y. Sept. 7, 2022); *see also Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010) ("allowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law") (quotation marks omitted); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 591-92 (S.D.N.Y. 2006) ("To the extent that [plaintiff] is arguing that additional discovery would allow him to amend his complaint to state a viable claim, the Court is similarly unpersuaded . . . discovery is not intended to be a fishing expedition.") (quotation marks omitted); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim").

IV. **THE GMVL CLAIM MUST FAIL AS AGAINST THE TWO COMPANY DEFENDANTS THAT DID NOT EXIST IN 2004**

Plaintiff does not dispute that defendants Bad Boy Entertainment LLC and Bad Boy

7

Productions LLC did not exist at the time of the alleged assault in 2004. *See* Opp. at 9. Nevertheless, Plaintiff attempts to invoke successor liability as a potential basis for claims against them. This claim fails because the Amended Complaint has not pled a basis for liability against ***any*** entity (*see supra* § III), nor has it pled any basis for holding these two companies liable as the successor to such an entity.

Even if the Complaint had identified any corporate predecessors or stated any claims against them (it does neither), Plaintiff still fails to plead any basis for imposing liability on any purported successor. Under New York common law, a successor entity is "generally not liable" for a predecessor's liabilities unless one of the four following exceptions apply: "(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006). None of these exceptions is alleged in the Amended Complaint nor do they apply here. Where, as here, the pleading fails to allege a single fact supporting an exception to the general rule against successor liability, any claims brought on this theory must be dismissed. *See*, *e.g.*, *105 Mt. Kisco Assocs. LLC v. Carozza*, 2017 WL 1194700, at *13 (S.D.N.Y. Mar. 30, 2017) (dismissing successor liability claim because "the Amended Complaint fails to plead any facts that would allow the Court to infer that one of the exceptions to the general rule finding that a business entity acquiring the assets from another business generally results in no successor liability, and instead, proffers only a single, bare, conclusory allegation to support the contention that [defendant] is liable as successor."); *New York v. Town of Clarkstown*, 95 F. Supp. 3d 660, 682 (S.D.N.Y. 2015) ("To state a claim based on successor liability, a plaintiff must plead enough facts for the Court to infer that one of the

8

exceptions to the general rule finding that a business entity acquiring the assets from another business generally results in no successor liability . . . . [A conclusory allegation that a company is a successor,] standing alone, is insufficient for the Court to infer that the general rule governing successor liability does not apply."); *Cargo Partner AG v. Albatrans Inc.*, 207 F. Supp. 2d 86, 114 (S.D.N.Y. 2002) ("Since the Complaint fails to allege a basis for successor liability under any of the four exceptions to the general rule of non-liability, it fails to state a claim on which relief can be granted").

## CONCLUSION

For all the foregoing reasons, the Combs Defendants respectfully request that the Court issue an order dismissing the Complaint against them in its entirety with prejudice.

Dated: May 22, 2025
      New York, New York

Respectfully submitted,

SHER TREMONTE LLP

*/s/ Mark Cuccaro*
Mark Cuccaro
Michael Tremonte
Erica Wolff
Raphael A. Friedman
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mcuccaro@shertremonte.com
mtremonte@shertremonte.com
ewolff@shertremonte.com
rfriedman@shertremonte.com
*Attorneys for Combs Defendants*

## **CERTIFICATION**

The undersigned hereby certifies that the foregoing brief complies with the 3,500-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The word count, exclusive of the caption, tables, and signature blocks, is 2,858 according to the word-processing system used to prepare the document.

Dated: May 22, 2025
      New York, New York

                             Respectfully submitted,

                             SHER TREMONTE LLP

                             By:   */s/ Mark Cuccaro*
                                    Mark Cuccaro