**SHER TREMONTE** LLP

June 5, 2025

**BY ECF**
The Honorable Mary Kay Vyskocil
United States District Judge
500 Pearl Street
New York, NY 10007

                Re:    *McCrary v. Combs, et. al.*, Case No. 24-cv-08054 (MKV)

Dear Judge Vyskocil:

        We represent Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants") in the above-referenced matter. We write to bring a decision issued this week by the New York Supreme Court Appellate Division, First Department to the Court's attention, in further support of our fully submitted motion to dismiss pending before this Court (Dkt. ## 56-58, 87).

        On June 3, 2025, the First Department issued a decision, *S.S. v. Rockefeller Univ. Hosp.*, No. 159929/23, 2025 WL 1559583, at *1 (1st Dep't June 3, 2025), which clearly prohibits retroactive application of the New York City Victims of Gender-Motivated Violence Protection Law ("GMVL"). As relevant to the pending motion, the First Department held that the 2022 amendment to the GMVL that permits claims against "a party who . . . directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender," Administrative Code § 10-1104, does not apply retroactively to claims arising from conduct that is alleged to have occurred before the amendment's passage in 2022.

        Plaintiff alleges that she was assaulted on one occasion in 2004. AC ¶ 34. Therefore, the single GMVL claim against the Company Defendants necessarily fails because the alleged conduct pre-dates the 2022 amendment. *See also* Dkt. #57 at § II, Dkt. #87 at § II.

        *S.S.* is the first decision by any state or federal appellate court in New York definitively addressing the retroactive applicability of the GMVL. As such, we submit that it should be viewed as controlling authority on this issue. *See Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 51 (2d Cir. 2013) ("We recognize decisions of the Appellate Division as a basis for ascertaining state law unless we are convinced by other persuasive data that the highest court of the state would decide otherwise.") (cleaned up).

        We respectfully attach a copy of the *S.S.* decision as **Exhibit A** to this letter.

Hon. Mary Kay Vyskocil
June 5, 2025
Page 2 of 2

    Respectfully submitted,

*/s/ Mark Cuccaro*
Mark Cuccaro
Raphael A. Friedman
SHER TREMONTE LLP
90 Broad Street, 23rd Fl.
New York, New York 10004
T: 212.202.2600
mcuccaro@shertremonte.com
rfriedman@shertremonte.com
*Counsel for the Combs Defendants*