UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CANDICE MCCRARY,

                Plaintiff,

-against-

SEAN COMBS, DADDY'S HOUSE RECORDING INC., CE OPCO, LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, MARRIOTT INTERNATIONAL, INC., ORGANIZATIONAL DOES 1-10,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/16/2026

24-cv-8054 (MKV)

OPINION AND ORDER
GRANTING
MOTION TO DISMISS

---

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Candice McCrary brings this action against Defendants Sean Combs, a number of business entities that Combs allegedly controls, and Marriott International, Inc. ("Marriott"), alleging that Combs raped and threatened to kill McCrary at an unspecified "Manhattan area Marriott hotel" [ECF No. 23 ("Compl.") ¶¶ 35, 38–39].  Before the Court is Marriott's motion to dismiss the case against it for failure to state a claim [ECF Nos. 59, 60, 78].  For the reasons set forth below, the motion is GRANTED.

                          **I.    BACKGROUND**

**A. Facts[1]**

      Plaintiff Candice McCrary alleges that in 2004, when she was nineteen years old, she and her friends were invited by Defendant Sean Combs to attend a photoshoot across the street from

---

[1] The facts are drawn from the Complaint [ECF No. 23 ("Compl.")] and taken as true for purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's college campus in Brooklyn. Compl. ¶ 34. Thereafter, Combs invited Plaintiff and one of her friends to "a more exclusive party" at "his hotel." *Id.* ¶ 35. According to Plaintiff, they "were taken to a Manhattan area Marriott hotel by a member of Combs' entourage." *Id.*

Plaintiff alleges that, at the party, she and her friend were "grabbed and taken to a separate room off from the main party." *Id.* ¶ 36. They were locked in that room alone with Combs. *Id.* ¶ 37. Plaintiff alleges that Combs gave the women more drinks and "instructed them to imbibe cocaine." *Id.* He became aggressive and forcibly touched them. *Id.* Ultimately, Plaintiff alleges, Combs "forced her to take her clothes off . . . under the threat of violence," raped her, and told her "she would be killed" if she left the room. *Id.* ¶¶ 38, 39.

With respect to Marriott, Plaintiff asserts, in wholly conclusory fashion, that "Marriot management was well aware of Combs and his activities" but "'looked the other way' rather than intervene." *Id.* ¶ 26. Plaintiff asserts that "[e]ach of the Marriott entities conspired with and aided and abetted Combs in committing the [alleged] unlawful sexual violence against Plaintiff . . . by serving . . . as vehicles for Combs to commit said sexual violence by and through use of Marriott's premise(s), hotel staff and employees and by profiting from such activities committed by Combs." *Id.* ¶ 29. She further asserts that "[t]he Marriott defendants further enabled Combs to commit the crime of violence motivated by gender by turning a willful blind eye to his obvious conduct." *Id.* ¶ 47. According to Plaintiff, "[t]here can be no doubt that Combs and his conduct was well known," since "he routinely had large parties at hotel venues" at which "[n]umerous people, most of which [sic] were not guests at the hotel, would come and go," and "[l]arge volumes of alcohol and drugs were consumed." *Id.*

The assertions summarized above are the sum total of Plaintiff's allegations as to Marriott. *See id.* ¶¶ 26, 29, 35, 47. Notwithstanding its references to "entities" and "defendants," the

Complaint names only one Marriot defendant: Marriott International, Inc. ("Marriott"). *Id.* ¶¶ 26, 29, 47. The Complaint not only fails to identify the hotel at which Plaintiff's rape allegedly occurred, but also is devoid of factual allegations about any specific individual employed by or affiliated with Marriott.

**B. Procedural History**

Plaintiff initiated this action by filing a complaint and simultaneously moving *ex parte* for leave to proceed under a pseudonym [ECF Nos. 1, 13]. The Court denied Plaintiff's motion to proceed under a pseudonym and subsequent motion for reconsideration of that denial [ECF Nos. 17, 20, 21, 22]. Thereafter, in accordance with the Court's Orders, Plaintiff filed the Complaint in her own name [ECF No. 23 ("Compl.")].

In the Complaint, Plaintiff asserts a single cause of action against all Defendants for violations of the New York City Victims of Gender-Motivated Violence Protection Act ("VGMVPL"). Compl. ¶¶ 40–51; *see* N.Y.C. Admin. Code §§ 10-1102 *et seq*. As originally enacted in 2000, the VGMVPL provided a cause of action only against "an individual" who committed a crime of violence motivated by gender. N.Y.C. Admin. Code § 10-1104 (2000). However, in 2022, the VGMVPL was amended to provide that "any person claiming to be injured by a party who commits, directs, enables, or participates in, or conspires in the commission of a crime of violence motivated by gender has a cause of action against such party." *Id*. § 10-1103. The 2022 amendments also created a two-year lookback window during which plaintiffs could bring claims that were otherwise time-barred. *See id*. § 10-1105.

Marriott filed a motion to dismiss the case against it, for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF Nos. 59, 60 ("Mem.")].[2] Marriott argues that Plaintiff cannot state a claim against Marriott under the VGMVPL for conduct that allegedly occurred in 2004 because the law did not provide a remedy against corporate defendants until 2022. *See* Mem. at 6–12. Marriott further argues that the 2022 lookback window only revived time-barred claims under the earlier version of the VGMVPL and did not make the new version of law retroactive. *See id.* at 10–11 (citing *Doe v. Combs*, No. 23-cv-10628 (JGLC), 2024 WL 4987044, at *3 (S.D.N.Y. Dec. 5, 2024)). Marriott argues that, irrespective of whether the law applies retroactively, the Complaint is devoid of specific factual allegations sufficient to state a claim against Marriott under the VGMVPL. *Id.* at 12–16.

Plaintiff filed a memorandum of law in opposition to Marriott's motion to dismiss [ECF No. 72 ("Opp.")]. Plaintiff argues that "neither the Second Circuit nor the New York Court of Appeals" has held that the 2022 amendment expanding the scope of the VGMVPL is not retroactive. Opp. at 6. Plaintiff further asserts that she "has alleged facts indicating that Marriott enabled Combs to commit the assault alleged in the Complaint." *Id.* at 9. Marriott filed a reply brief in further support of its motion [ECF No. 78].

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads *factual content* that allows the court to

---

[2] The Combs Defendants likewise filed a motion to dismiss the Complaint [ECF Nos. 56, 57, 58]. However, thereafter, Plaintiff and the Combs Defendants jointly requested that the Court refrain from ruling on that motion while a dispositive issue is on appeal before the Second Circuit, and the Court granted that request [ECF Nos. 86, 89].

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added). A court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188–89 (2d Cir. 2020) (ellipsis omitted) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).

### III.  DISCUSSION

Plaintiff fails to state a claim against Marriott. First, as a number of judges in this District have ruled, the 2022 amendment expanding the scope of the VGMVPL does not apply retroactively. *See Bensky v. Indyke*, 743 F. Supp. 3d 586, 600 (S.D.N.Y. 2024); *Lindsey v. Citigroup Glob. Markets Inc.*, No. 23-cv-10166 (ALC), 2025 WL 2781281, at *5 (S.D.N.Y. Sept. 30, 2025); *Doe v. Combs*, 2024 WL 4987044, at *3; *see also Louis v. Niederhoffer*, No. 23-cv-6470-LTS, 2023 WL 8777015, at *2 (S.D.N.Y. Dec. 19, 2023). Second, assuming, *arguendo*, that Plaintiff could bring a claim under a 2022 statute for conduct that allegedly occurred in 2004, the Complaint is devoid of any *factual* allegations to support an inference that Marriott is liable for any wrongdoing. *See Iqbal*, 556 U.S. at 678; *Dane*, 974 F.3d at 188–89.

### A. The 2022 Expansion of the VGMVPL Does Not Apply Retroactively.

As both sides agree, the 2000 version of the VGMVPL created a private right of action against only "an individual" who committed a crime of violence motivated by gender. Mem. at 5; Opp. at 6; N.Y.C. Admin. Code § 10-1104 (2000). In 2022, the City Council amended the VGMVPL in two different ways. First, it expanded the private right of action to reach more defendants. Specifically, the 2022 amendment expanding the scope of the VGMVPL provides: "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender has a cause of action against such party." N.Y.C. Admin. Code § 10-1104 (2022). Second, the City Council also enacted

a separate provision temporarily reviving time-barred claims. *See id.* § 10-1105 ("any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived" for "two years").

The First Department has already held that the 2022 amendment expanding the scope of the VGMVPL does not apply retroactively. *S.S. v. Rockefeller Univ. Hosp.*, 239 A.D.3d 424, 426, 236 N.Y.S.3d 145, 147 (1st Dep't 2025). While a federal court is not "strictly bound" by the state intermediate appellate court, "rulings from such courts are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) (quoting *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). The Court has no reason to believe the Court of Appeals would disagree with the First Department.

Rather, the New York Court of Appeals has repeatedly held that "retroactive operation is not favored by the courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it." *Gottwald v. Sebert*, 40 N.Y.3d 240, 258, 220 N.E.3d 621, 632 (2023) (alteration omitted) (quoting *Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y.2d 577, 584, 673 N.Y.S.2d 966, 696 N.E.2d 978 (1998)). There is nothing in the language of the 2022 version of Section 10-1104, quoted above, that "expressly or by necessary implication requires" its "retroactive operation." *Id.*; *see* N.Y.C. Admin. Code § 10-1104 (2022). As such, like the First Department, several judges in this District have ruled that the 2022 version of the VGMVPL does not apply retroactively. *See Bensky*, 743 F. Supp. 3d at 600; *Lindsey*, 2025 WL 2781281, at *5; *Doe v. Combs*, 2024 WL 4987044, at *3. This Court agrees.

Plaintiff fails to offer any persuasive reason to disregard the "deeply rooted presumption against retroactivity" under New York law. *Gottwald*, 40 N.Y.3d at 259, 220 N.E.3d at 632

(quoting *Regina Metropolitan Co. v. New York State*, 35 N.Y.3d 332, 370, 130 N.Y.S.3d 759, 779, 154 N.E.3d 972, 992 (2020)).  Plaintiff's sole argument is that "[t]he [City] Council intended the VGMVPL to make it easier for victims of gender-motivated violence to seek court remedies." Opp. at 8.  However, as the New York Court of Appeals has explained, "elementary considerations of fairness" require a strong presumption of prospective application only.  *Gottwald*, 40 N.Y.3d at 259, 220 N.E.3d at 632 (quoting *Regina Metropolitan Co.*, 35 N.Y.3d at 370, 130 N.Y.S.3d at 779, 154 N.E.3d at 992).  Where, as here, the legislature has not expressed a clear intent to make a law retroactive, courts interpreting New York law may not apply it retroactively.  *See Doe v. Combs*, 2024 WL 4987044, at *3; *see also Louis*, 2023 WL 8777015, at *2.

By its express terms, the version of the VGMVPL that was in effect in 2004, when Plaintiff alleges that Combs raped her, clearly does not apply to Marriott.  As explained above, the 2000 version of the VGMVPL creates a cause of action against only an "*individual*" who allegedly "*commit[ted]*" a crime of violence."  N.Y.C. Admin. Code § 10-1104 (2000) (emphases added). Because the 2022 version of the VGMVPL does not apply retroactively to alleged events in 2004, Plaintiff fails to state a claim against Marriott, which is a corporation, not an individual, and which Plaintiff alleges only "conspired" in and "enabled" (but did not itself commit) the alleged 2004 attack.  Compl. ¶¶ 29, 47.

To be sure, in 2022, the City Council also enacted a separate amendment temporarily reviving previously time-barred claims.  *See* N.Y.C. Admin. Code § 10-1105 ("any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived" for "two years").  As other judges in this District have correctly observed, "reviving a time-barred claim is not the same as making new substantive obligations retroactive." *Bensky*, 743 F. Supp. 3d at 600 ("Put differently, the former revives claims that were

7

complete, while the latter makes a claim complete."); *accord Doe v. Combs*, 2024 WL 4987044, at *3. Moreover, the First Department was aware of Section 10-1105 when it held that the 2022 version of the VGMVPL does not apply retroactively. *See S.S.*, 239 A.D.3d at 426, 236 N.Y.S.3d at 147. For this reason alone, the case against Marriott must be dismissed.

**B. The Complaint Is Devoid of Factual Allegations of Wrongdoing by Marriott.**

Moreover, even if the 2022 version of the VGMVPL applies retroactively, Plaintiff fails to state a claim against Marriott. The Complaint is devoid of specific factual allegations sufficient to support an inference that Marriott is liable for any wrongdoing Marriott. *See Iqbal*, 556 U.S. at 678; *Dane*, 974 F.3d at 188–89. The sole *factual* allegation in the Complaint concerning Marriott is that Plaintiff's alleged attack took place at an unspecified "Manhattan area Marriott hotel." Compl. ¶ 35. Obviously, the fact that an alleged rape took place at a certain hotel is insufficient to state a claim that a corporation is liable for enabling or "conspir[ing] in the commission of a crime of violence motivated by gender."[3] N.Y.C. Admin. Code § 10-1104.

The three other paragraphs of the Complaint that mention Marriott contain mere conclusory assertions. Plaintiff asserts that "Marriot management was well aware of Combs and his activities." Compl. ¶ 26. The Court, however, is not required to credit Plaintiff's bald assertion, unsupported by any factual allegations, that unspecified members of "Marriot management" knew Combs was engaging in "his [alleged] activities." *Id.*; *see Dane*, 974 F.3d at 188–89. Plaintiff's assertions that "Marriott entities conspired with and aided and abetted Combs" and "enabled Combs to commit the crime of violence" against her, Compl. ¶¶ 29, 47, are pure legal conclusions that do nothing to state a claim, *see Iqbal*, 556 U.S. at 678; *Dane*, 974 F.3d at 188–89. Furthermore,

---

[3] As Marriott points out, since there were "numerous Marriott-branded" hotels in Manhattan in 2004, Plaintiff's failure to offer more specific allegations about where the alleged rape took place leaves Marriott guessing as to whether "it had *any* role in the management of the hotel" or it was "operated by an independent franchisee." Mem. at 12 (emphasis in original).

Plaintiff's assertions that "Combs and his conduct was [sic] well known," that "he routinely had large parties at hotel venues" (which were not necessarily owned or operated by Marriott), and that "[l]arge volumes of alcohol and drugs were consumed" at such parties are completely untethered from *Marriott*, and do not in any event support an inference that Marriott knew of much less enabled gender-motivated crimes of violence. Compl. ¶ 47; *see* N.Y.C. Admin. Code § 10-1104; *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's case against Marriot is dismissed for failure to state a claim. *See Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

For the reasons set forth above, Marriott's motion to dismiss [ECF No. 59] is GRANTED. The Clerk of Court respectfully is requested to terminate the motion at docket entry 59.

**SO ORDERED.**

**Date: March 16, 2026**
**New York, NY**

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**